[Civ. No. 33390.   Second Dist., Div. Four.   Oct. 23, 1968.]

INTERINSURANCE EXCHANGE OF THE AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA et al., Plaintiffs and Appellants, v. EARL THOMAS HARMON, Defendant and Respondent.

759

Herbert B. Rhodes and Sherwin Conway for Plaintiffs and Appellants.

Tompkins & Tompkins and Emmett A. Tompkins for Defendant and Respondent.

COLLINS, J. pro tem.*—This matter reaches this court via certification by the Appellate Department of the Superior Court of Los Angeles County pursuant to rule 63(a) and (c), California Rules of Court.

The single issue is whether a three-year or a one-year period of limitation governs an insurer's subrogation claim

---

*Assigned by the Chairman of the Judicial Council.

against an uninsured motorist whose negligence resulted in damage to an insured who was compensated therefor by his insurer.

On February 10, 1967, an action was commenced in the Municipal Court of Los Angeles Judicial District by Inter-insurance Exchange of the Automobile Club of Southern California (appellant, hereinafter called Exchange) and its insured, Opal Hunt, against Earl Harmon (respondent) and others. By way of subrogation, the Exchange sought recovery of the amount it had paid to its insured for bodily injuries sustained in an automobile accident on April 2, 1965, and allegedly caused by Harmon's negligence in the operation of his uninsured vehicle; and paid in accordance with the "Uninsured Motorist Coverage" endorsement contained in the Exchange's liability policy issued to Hunt. Hunt sought recovery directly of the amount of damages to her automobile allegedly caused by Harmon's negligence.

Harmon pleaded as affirmative defenses to both claims both one-year (Code Civ. Proc., § 340) and the two-year (Code Civ. Proc., § 339) periods of limitation, and the provisions of Insurance Code, section 11580.2, subdivisions (a) through (h).

The trial court denied recovery on the Exchange's claims, on the stated ground that it was barred by the one-year period of limitation provided in both section 11580.2, subdivision (h), of the Insurance Code and section 340, subdivision 3, of the Code of Civil Procedure. Recovery was allowed on the Hunt claim for property damage on the ground that it was governed by section 338, subdivision 3, of the Code of Civil Procedure.

On appeal, the appellate department affirmed the judgment in favor of Hunt, but reversed the judgment against the Exchange, pointing out in its opinion that an insured's subrogation claim is governed by Insurance Code, section 11580.2, subdivision (f), a three-year period of limitations which was added to subdivision (f) by the Legislature in 1963 (effective August 20, 1963).[1]

---

[1] The appellate department's opinion with which we agree contains this explanatory footnote: "The inclusion of this limitation provision was a deliberate and considered act of the Legislature. When § 11580.2 was first amended in 1963, subsection (f) did not contain any three year provision. 1 Stats. 1963 Chap. 410 p. 1218. However, two months later § 11580.2 was again amended and among other things the last sentence of (f) relating to a three-year limitation was added. 2 Stats. 1963 Chap. 1750 p. 3496."

Subdivision (f) of section 11580.2 of the Insurance Code provides as follows: ''(f) The insurer paying a claim under an uninsured motorist endorsement or coverage shall be entitled to be subrogated to the rights of the insured to whom such claim was paid against any person causing such injury or death to the extent that payment was made. *Such action may be brought within three years from the date that payment was made hereunder.''* (Italics supplied.)

As already noted, the concluding sentence of subdivision (f) was added in 1963. ■ In effect, though not in specific language, it accomplished a limited change in the common law rule that a cause of action for personal injuries, unlike one for property damage, is not assignable. (*Wikstrom* v. *Yolo Fliers Club,* 206 Cal. 461, 463, et seq. [274 P. 959]; *Auslen* v. *Thompson,* 38 Cal.App.2d 204, 214 [101 P.2d 136]; 5 Cal.Jur. 2d Rev., Assignments, § 7, p. 381.) It should be emphasized that Insurane Code, section 11580.2, subdivision (f), refers to the insurer's right to sue the tortfeasor for the amount it paid on behalf of the insured person, as a right ''to be subrogated.'' ■ Thus, it is a right which does not derive from a formal act of assignment by the injured person, but is effected *pro tanto* by statute. ■ As noted above, absent the statute, no right of subrogation would be recognized as to the personal injury claim.[2] Payment was made on December 15, 1965, with respect to an accident which occurred on April 2, 1965. ■ The appellate department properly held that section 11580.2, subdivision (f), which provides a limitation period of three years from the date of payment, applies here rather than Code of Civil Procedure, section 340, subdivision 3, which provides a limitation period of one year from the date of the negligent act which causes injury to the person. Applying a well established rule of statutory construction, the court properly held that the special period of limitation applicable solely to the subrogation claims of an insurer under

---

[2]See *Fifield Manor* v. *Finston* (1960) 54 Cal.2d 632, 637-643 [7 Cal. Rptr. 377, 354 P.2d 1073, 78 A.L.R.2d 813], which reaffirms the general rule, citing Civil Code, section 956, in support. We take notice that section 956 was repealed in 1961 (Stats. 1961, ch. 657, § 1), but the effect thereof was not to change the rule of nonassignability of personal injury claims because at the same time Probate Code section 573 was also amended to provide, among other things, that: ''Nothing [contained] in this section shall be construed as making assignable things in action which are of such a nature as not to have been assignable prior to the enactment of the 1961 amendment to this section.'' (Stats. 1961, ch. 657 p. 1867, § 2.)

the Uninsured Motorist Law takes precedence over a statute of limitations applicable generally to personal injury claims. (Code Civ. Proc., § 1859; see *Merchants Nat. Bank* v. *Continental Nat. Bank,* 98 Cal.App. 523, 533 [277 P. 354]; *Imperial County* v. *Garey,* 61 Cal.App. 439, 444 [215 P. 89].)

Respondent Harmon argues that three earlier appellate court decisions support his contention that a one-year period limitation provided in either Code of Civil Procedure, section 340, subdivision 3, or in Insurance Code, section 11580.2, subdivision (h), applies. Quite apart from other distinctions between the instant case and the ones on which Harmon relies, it is sufficient for present purposes to point out that each of them arose prior to the effective date of the 1963 addition to section 11580.2 and did not involve any application of subdivision (f).[3]

The legislative intent in providing a three-year period of limitation for an insured's subrogation claim seems quite obvious. As we have already noted, the right is strictly the creature of statutes so far as concerns recovery of payments for personal injuries. It is exercisable only after and "to the extent that payment was made" by the insurer. If, as plaintiff argues, the insurer's claims were governed by a one-year statute (e.g., Code Civ. Proc., § 340, subd. 3), the result would be that the right of action in many cases would be barred before it had actually accrued. Undoubtedly, the Legislature foresaw this possibility, and not only enlarged the time

---

[3]*State Farm etc. Ins. Co.* v. *Superior Court,* 232 Cal.App.2d 808 [43 Cal.Rptr. 209] related to an accident which occurred July 16, 1963; it did not concern a subrogation claim under subdivision (f) but an arbitration claim of an insured minor against her own insurer under subdivision (h). *Firemen's Ins. Co. of Newark, N. J.* v. *Diskin,* 255 Cal.App.2d 502 [63 Cal.Rptr. 177] related to an accident which occurred in Florida in March 1962; it too represented the claim of an insured against his insurer under subdivision (h), not a claim by the insurer under subdivision (f). Finally, *Allstate Ins. Co.* v. *Orlando,* 262 Cal.App.2d 858 (69 Cal. Rptr. 702] related to an accident that occurred on December 20, 1961, and the action was one by the insurer against the minor daughter of the insured for a judgment declaring that she had no right to recover for injuries under the uninsured motorist provisions of her father's liability insurance policy for the reason that she had not filed a timely demand for arbitration as required by subdivision (h), and that an arbitration proceeding had no force and effect because the arbitrator had no authority to adjudicate the statute of limitations issue and, consequently, that the award in favor of the insured was a nullity; the court held in favor of the insurer, on the ground that the claim was barred for noncompliance with the time period fixed in subdivision (h). Here again the case did not relate to a subrogation claim by the insurer against the tortfeasor as contemplated by subdivision (f).

period, but made it run from the date of the insurer's payment instead of the date of the tortious act of the uninsured motorist.

Opal Hunt raises no issue on the appeal from the judgment in her favor. Therefore, that portion of the judgment is affirmed. For all of the reasons above indicated, the judgment of the municipal court is reversed as to Interinsurance Exchange of the AUTOMOBILE Club of Southern California.

Files, P. J, .and Jefferson, J., concurred.