[Civ. No. 14279. Fourth Dist., Div. One. Apr. 7, 1976.]

PHOENIX OF HARTFORD INSURANCE COMPANIES et al.,
Plaintiffs and Respondents, v.
COLONY KITCHENS, Defendant and Appellant.

**COUNSEL**

Spray, Gould & Bowers and Daniel O. Howard for Defendant and Appellant.

Gibson & Kennerson, Paul R. Kennerson and Janet B. Houts for Plaintiffs and Respondents.

## OPINION

**COUGHLIN, J.**[*]—Defendant Colony Kitchens[1] appeals from a judgment against it on an "Amendment to Complaint," awarding the Phoenix of Hartford Insurance Companies, hereinafter referred to as "Phoenix," $5,371.12 and awarding Earl K. Robbins $100.

The action arose out of an automobile accident caused by the negligence of the driver of a Ford automobile in the course of his employment by Colony Kitchens. The accident occurred on January 18, 1969. Robbins sustained injuries and damages as a result of the accident; was insured under a policy containing an uninsured motorist provision issued by "Phoenix"; was entitled to recover under this provision for personal injury and property damage sustained in the accident; and was paid $5,371.12 therefor by "Phoenix," i.e., $339.73 on May 12, 1969, for property damage and $5,031.39 on May 29, 1969, for personal injuries; but was not entitled to recover for loss of use of his automobile under the policy, for which he claimed damage in the sum of $100.

On May 14, 1971, Robbins commenced the action at bench against Colony Kitchens and its employee to recover damages on account of personal injuries, damage to his automobile and loss of its use. He was the sole plaintiff. The complaint showed on its face the action, as to personal injuries, was barred by the statute of limitations, i.e., Code of Civil Procedure section 340, subdivision 3, because it had not been commenced within one year after the accident occurred.

Colony Kitchens answered; asserted the bar of the statute of limitations; and on November 6, 1972, moved for judgment on the pleadings upon the ground the complaint failed to state a cause of action in that it was barred by Code of Civil Procedure section 340, subdivision 3. The motion, in effect, was a general demurrer.

On March 8, 1973, the court granted the motion "with leave to the plaintiff to amend the complaint on file herein within 20 days of the date of this order."

On March 28, 1973, an "Amendment to Complaint" was filed adding "Phoenix" as a party plaintiff under the title "The Phoenix of Hartford

---

[*]Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

[1]The legal status of "Colony Kitchens" is not shown.

Insurance Companies by and through its assured, Earl K. Robbins," in which it sought recovery of the $5,371.12 paid Robbins, its assured, in May 1969; and Robbins sought recovery of $100 as damages for loss of use of his automobile. "Phoenix" based its right to recover upon Insurance Code section 11580.2, subdivision (f), renumbered 11580.2, subdivision (g), by statute effective November 10, 1969, which provides: "The insurer paying a claim under an uninsured motorist endorsement or coverage shall be entitled to be subrogated to the rights of the insured to whom such claim was paid against any persons causing such injury . . . to the extent that payment was made. Such action may be brought within three years from the date that payment was made hereunder."

In its answer to the "Amendment to Complaint" Colony Kitchens pled the failure of "Phoenix" to bring its action within three years after payment of the $5,371.12 to Robbins, claiming an insurer seeking recovery under section 11580.2, subdivision (g), must commence its action within three years of the date of payment, otherwise it is barred, and "Phoenix" did not commence its action until the "Amendment to Complaint" was filed; and pled the one-year statute of limitations, i.e., Code of Civil Procedure section 340, subdivision 3, as to Robbins' claim for damage for loss of use of his automobile.

The court entered judgment in favor of "Phoenix" premised on its claimed right to recover under Insurance Code section 11580.2, subdivision (g); and in favor of Robbins premised on the claimed liability of Colony Kitchens for damages caused by the negligence of its employee.

At issue on appeal are two general questions: (1) whether Robbins' action to recover damages for loss of use of his automobile which was commenced by his complaint filed May 14, 1971, and renewed by his "Amendment to Complaint" filed March 28, 1973, is barred by Code of Civil Procedure section 340, subdivision 3; and (2) whether "Phoenix" may recover reimbursement of its uninsured motorist payments to Robbins under the "Amendment to Complaint" joining it as a party plaintiff in the Robbins action and purportedly stating a cause of action pursuant to Insurance Code section 11580.2, subdivision (g).

We conclude although Robbins' action to recover damages on account of personal injuries in the accident is barred by Code of Civil Procedure section 340, subdivision 3, i.e., the one-year statute of limitations, his action to recover damages for loss of use of his automobile is not barred by that section but is governed by Code of Civil Procedure section 338,

subdivision 3, i.e., the three-year statute of limitations, and was commenced within that three-year period. The judgment as to Robbins should be affirmed.

■ We also conclude "Phoenix" may not recover under the "Amendment to Complaint" upon its statutorily conferred claim for reimbursement because its action thereunder was not brought within the three-year period prescribed by the statute; and, in any event, it had no right to file an "Amendment to Complaint" in the action commenced by Robbins.

The original complaint by Robbins stated a cause of action for damages for injuries to his person, damage to his automobile, and loss of use of his automobile which he sustained as the result of the negligence of Colony Kitchens' employee. It was a common law tort action. The "Amendment to Complaint" attempted to bring into the action a new party, i.e., "Phoenix" and purportedly stated a new cause of action in its favor premised on Insurance Code section 11580.2, subdivision (g). It did not purport to state a cause of action based on the common law and equitable general rule an insurer is subrogated to the rights of an insured against a tortfeasor causing damage for which the insurer reimbursed the insured (gen., see *Anheuser-Busch, Inc.* v. *Starley,* 28 Cal.2d 347, 349 [170 P.2d 448, 166 A.L.R. 198]; *Offer* v. *Superior Court,* 194 Cal. 114, 117, 118-122 [228 P. 11]; *Clark* v. *Burns Hammam Baths,* 71 Cal.App. 571, 575 [236 P. 152]). In *Interinsurance Exchange* v. *Harmon,* 266 Cal.App.2d 758, 761 [72 Cal.Rptr. 352], the court held this general rule did not apply to claims for personal injuries. In any event, any action by "Phoenix" as an insurer-subrogee of the claim of its insured, Robbins, premised on the general rule, would have been subject to the same defenses applicable to the action by Robbins upon that claim (*Liberty Mut. Ins. Co.* v. *Fales,* 8 Cal.3d 712, 717 [106 Cal.Rptr. 21, 505 P.2d 213]; *Iusi* v. *City Title Ins. Co.,* 213 Cal.App.2d 582, 588 [28 Cal.Rptr. 893]; *Howell* v. *Dowling,* 52 Cal.App.2d 487, 498 [126 P.2d 630]) and, to the extent based on a claim for personal injuries, would have been barred by the one-year statute of limitations which barred Robbins' action thereon. However, "Phoenix" purported to state a cause of action under Insurance Code section 11580.2, subdivision (g) by which the Legislature intended to confer upon an insurer paying a claim under an uninsured motorist provision the right to be subrogated to the rights of the insured against any person causing the injury or damage for which such payment was made, and to bring an action upon its subrogated rights within three years from the date of payment of the insured's claim against the insurer. In substance,

the statute confers on the insurer a right of subrogation with an extended limitation period to protect that right (*Liberty Mut. Ins. Co.* v. *Fales, supra,* 8 Cal.3d 712, 716; *Interinsurance Exchange* v. *Harmon, supra,* 266 Cal.App.2d 758, 761; gen., see *Limited Mutual etc. Ins. Co.* v. *Billings,* 74 Cal.App.2d 881, 883 [169 P.2d 673]). It follows, an insurer's action upon the subrogated rights conferred by the statute must be commenced within three years after its payment of the claim of the insured under the uninsured motorist provision, otherwise the action is barred and a complaint showing such does not state a cause of action. In *Liberty Mut. Ins. Co.* v. *Fales, supra,* 8 Cal.3d 712, 716, the court referred to the subrogation rights of an insurer under Insurance Code section 11580.2, subdivision (g), as "the subrogation rights *provided* by that section." (Italics added.) The rights are statutory, not common law rights.

A cause of action premised on section 11580.2, subdivision (g), is a cause of action in favor of the insurer; is not a cause of action in favor of the insured; must be brought by the insurer; and may not be brought by the insured.

The designation of "Phoenix" as a party plaintiff in the "Amendment to Complaint" under the title "The Phoenix of Hartford Insurance Companies by and through its assured, Earl K. Robbins" was a tactic intended to support a contention "Phoenix" was not a new party to the action commenced by Robbins when he filed his original complaint, and the cause of action under Insurance Code section 11580.2, subdivision (g), in the "Amendment to Complaint" related back to the cause of action in the original complaint. In support of its relation-back theory "Phoenix" relies upon the principle stated and applied in *Grudt* v. *City of Los Angeles,* 2 Cal.3d 575, 584 [86 Cal.Rptr. 465, 468 P.2d 825], *Austin* v. *Massachusetts Bonding & Insurance Co.,* 56 Cal.2d 596 [15 Cal.Rptr. 817, 364 P.2d 681], and similar cases. These cases did not involve the addition of a new party plaintiff. Robbins did not seek relief under a section 11580.2, subdivision (g), cause of action. He did not have a cause of action under that section. The phrase "by and through its assured, Earl K. Robbins" is surplusage.

The "Phoenix" action under the "Amendment to Complaint" did not relate back to the time of filing the Robbins action under the rule in *Grudt* and *Austin* that in determining whether a new cause of action in an amended complaint is barred by the statute of limitations the amended complaint is deemed filed as of the time of filing the complaint "[if] recovery is sought in both pleadings on the same general set of facts"

(*Grudt* v. *City of Los Angeles, supra,* 2 Cal.3d 575, 583). Reliance by "Phoenix" on this rule disregards the fact the recovery sought by Robbins is upon a set of facts supporting an action in tort under the common law, which is barred in part by the one-year statute of limitations, while the recovery sought by "Phoenix" is upon a set of facts supporting an action upon subrogated rights "provided" by section 11580.2, subdivision (g), which is not barred by the one-year statute of limitations and may be brought within three years of the date of payment to Robbins under the uninsured motorist provision of its policy. Accrual of the cause of action under the facts supporting recovery under the complaint occurred when the negligent conduct of the insured motorist caused Robbins' injuries and the one-year period for commencement of the action started at that time. Accrual of the cause of action under section 11580.2, subdivision (g), occurred when "Phoenix" paid Robbins pursuant to the uninsured motorist provision in its policy, and the three-year period for commencement of its action started at that time (*Liberty Mut. Ins. Co.* v. *Fales, supra,* 8 Cal.3d 712, 716). Furthermore, the doctrine of relation-back does not apply where the cause of action in the complaint is in favor of one plaintiff whereas the cause of action in the amended complaint is in favor of another plaintiff (gen., see *Dubbers* v. *Goux,* 51 Cal. 153, 154).

There is no reason why "Phoenix" should not have commenced its action before the expiration of the three-year period. There is no reason why it should be permitted to substitute its commencement date for that of Robbins by joining its cause of action with a cause of action by Robbins in the latter's previously commenced action, and thus extend its commencement date beyond the period granted by the Legislature. There is no reason why Colony Kitchens, upon expiration of the three-year period prescribed by section 11580.2, subdivision (g), should not be entitled to rely on its belief "Phoenix" did not intend to pursue its subrogated rights provided by the statute, and to conduct its business accordingly.

Even assuming an action by "Phoenix" on its statutorily conferred subrogation rights against the uninsured motorist might have been joined with the action Robbins previously commenced against the motorist, joinder might have been effected only upon permission granted by the court to file an amendment under Code of Civil Procedure section 473, or to intervene under Code of Civil Procedure section 387. Section 473 provides: "The court may, in furtherance of justice . . . allow a party to amend any pleading or proceeding by adding . . . the name of any party

[and] may likewise, in its discretion, after notice to the adverse party, allow . . . an amendment to any pleading or proceeding in other particulars . . . ."

The order granting Robbins permission to amend the complaint on file did not authorize an amendment to add a cause of action in favor of a new party (*Karp* v. *Dunn,* 229 Cal.App.2d 192, 194 [40 Cal.Rptr. 96]).

A new party may not be added to an action by an amended complaint without permission of the court (*Nissan* v. *Barton,* 4 Cal.App.3d 76, 78 [84 Cal.Rptr. 36]; *Karp* v. *Dunn, supra,* 229 Cal.App.2d 192, 194; *Taliaferro* v. *Davis,* 220 Cal.App.2d 793, 795 [34 Cal.Rptr. 120]; *Schaefer* v. *Berinstein,* 140 Cal.App.2d 278, 299 [295 P.2d 113]).

This is not a case in which a plaintiff in an original complaint by an amendment thereto prosecutes the action in a representative capacity. The contention by "Phoenix" to the contrary is without merit. "Phoenix," as such, seeks recovery upon the subrogated rights provided by section 11580.2, subdivision (g). The amended complaint does not state or purport to state a cause of action under section 11580.2, subdivision (g), in favor of Robbins, in any capacity, against Colony Kitchens. Furthermore, the statute did not authorize Robbins to bring a section 11580.2, subdivision (g), cause of action on behalf of "Phoenix."

Joining "Phoenix" as a party plaintiff with Robbins in the "Amendment to Complaint" did not effect a joinder of its action with the action Robbins commenced by his original complaint.

In the event the court had granted permission to add "Phoenix" as a party to the action by an amended complaint purporting to state a cause of action in its favor premised on section 11580.2, subdivision (g), the order granting such, under the circumstances, would have been an abuse of discretion, because the purported cause of action was barred, not having been commenced within the three-year period; "Phoenix" was dilatory; and permission to file the amendment would not serve the policy underlying enactment of statutes of limitation (gen., see *Liberty Mut. Ins. Co.* v. *Fales, supra,* 8 Cal.3d 712, 718; *Stephens* v. *Berry,* 249 Cal.App.2d 474, 478 [57 Cal.Rptr. 505]; *Thompson* v. *Palmer Corporation,* 138 Cal.App.2d 387, 390, 396 [291 P.2d 995]).

The foregoing conclusions are determinative of the appeal and for this reason we do not consider the procedural contentions by Colony

Kitchens. That part of the judgment in favor of Robbins is affirmed; and that part thereof in favor of "Phoenix" is reversed.

Brown (Gerald), P. J., and Cologne, J., concurred.