[Civ. No. 51735. First Dist., Div. Three. Mar. 1, 1983.]

PAUL GUENTER, Plaintiff and Appellant, v.
LOMAS AND NETTLETON COMPANY et al.,
Defendants and Respondents.

[Civ. No. 51443. First Dist., Div. Three. Mar. 1, 1983.]

CURTIS O. BLOSE et al., Plaintiffs and Appellants, v.
LOMAS AND NETTLETON COMPANY et al.,
Defendants and Respondents.

COUNSEL

Jerome Berg for Plaintiffs and Appellants.

Janet L. Grove, James L. Dillon, Jerald W. F. Jamison, O'Connor, Cohn, Dillon & Barr, E. Judge Elderkin, Jeffrey S. Kingston, James L. Miller and Brobeck, Phleger & Harrison for Defendants and Respondents.

OPINION

WHITE, P. J.—On March 21, 1981, this court ordered the case of *Blose* v. *Lomas and Nettleton Company* be consolidated for the purposes of brief-

ing, oral argument and decision with the case of *Guenter* v. *Lomas and Nettleton Company*. The latter case was commenced by plaintiff and appellant Paul Guenter on March 22, 1976, as a class action on behalf of himself and 27 other beneficiaries named in a second deed of trust claiming damages due to the asserted fraudulent reconveyance of said deed of trust. Appellant Guenter sought class certification. On November 23, 1976, the trial court denied without prejudice appellant Guenter's motion to certify the action as a class action on the grounds that "the proposed class is not so numerous that joinder of all members is impractical" and "a class action would not provide a superior form of remedy."

On December 8, 1977, each purported class member, without leave of court, filed in the *Guenter* action a document entitled "Association of Plaintiff." The document provides in part as follows: "Now COMES THE UNDERSIGNED, one of the twenty-eight persons named as members of the purported class herein in documents on file with the Court, and associates himself with this action as a party Plaintiff, naming JEROME BERG, ESQUIRE as counsel of record."

On June 8, 1979, respondents moved to strike the purported "Association of Plaintiff" and the class action allegations of the first amended complaint. The trial court granted respondents' motion to strike on June 26, 1979, on the grounds that (1) "the language of the first amended complaint which purports to style this as a class action was mooted on November 23, 1976 when Judge Benson denied plaintiff's motion for class certification"; and (2) "the 'Association[s] of Plaintiff[s]' on file herein were filed by nonparties to this litigation, without leave of Court, and are papers unrecognized by the civil procedure of the State of California."

On August 8, 1979, appellant Guenter filed a motion seeking orders granting relief from the June 26, 1979, order and permitting him to amend his complaint nunc pro tunc to add the other beneficiaries of the deed of trust as named plaintiffs. Appellant Guenter's motion was denied on August 31, 1979, and a formal order denying the motion was filed on September 14, 1979.

Also on August 8, 1979, appellant Guenter filed another motion "to certify class action." The trial court denied the motion for class certification on October 12, 1979, and a formal order was filed on October 23, 1979.

On October 24, 1979, appellant Guenter filed a notice of appeal from (1) the August 31, 1979, order (the formal order was filed on Sept. 14, 1979), and (2) the October 1979 order denying class certification.

On April 17, 1980, Blose and the other beneficiaries under the deed of trust filed a complaint against respondents. Respondents demurred to the

complaint on the ground that the statute of limitations barred the *Blose* action. The trial court sustained the demurrer without leave to amend. On September 10, 1980, judgment was entered dismissing the action. Appellants filed a timely notice of appeal.

In this consolidated appeal appellants contend that (1) the trial court abused its discretion in denying appellant Guenter's motion for class certification; (2) the trial court abused its discretion in denying appellant Guenter's August 8, 1979, motion; and (3) the complaint in the *Blose* action is not barred by the statute of limitations. Respondents, on the other hand, contend on appeal that (1) the August 31, 1979, order is not an appealable order; (2) if the August 31 order is appealable, the order was proper; (3) since no appeal was taken from the November 1976 order denying class certification to the *Guenter* action, "the finding that this is not a proper class action is res judicata"; and (4) claims of the plaintiffs in the *Blose* action are barred by the statute of limitations.

■ Appellant Guenter's first contention that the trial court abused its discretion in denying his motion for class certification is not properly before this court. The trial court first denied appellant Guenter's motion for class certification on November 23, 1976. A minute order to this effect was entered in the minute book on November 23, 1976. No appeal was taken from the minute order. A formal order denying class certification was filed on June 6, 1979. On June 27, 1979, the court entered an order striking the class action allegations from appellant Guenter's complaint. No appeal was taken from this order although appellant Guenter was served with notice of this order on June 29, 1979.

"Following the rationale and holding of *Daar* v. *Yellow Cab Co.* [(1967) 67 Cal.2d 695 (63 Cal.Rptr. 724, 433 P.2d 732)], it has now been consistently held that an order, whatever form it may take, which has the effect of denying certification as a class action, is an appealable order." (*Morrissey* v. *City and County of San Francisco* (1977) 75 Cal.App.3d 903, 907 [142 Cal.Rptr. 527]; see also *Richmond* v. *Dart Industries, Inc.* (1981) 29 Cal.3d 462, 470 [174 Cal.Rptr. 515, 629 P.2d 23]; cf. *Rosack* v. *Volvo of America Corp.* (1982) 131 Cal.App.3d 741, 747-750 [182 Cal.Rptr. 800].) If no notice of entry of judgment is served upon a party, he has "180 days after the date of entry of the judgment" to timely file a notice of appeal. (Cal. Rules of Court, rule 2(a).) "The date of entry of an appealable order which is entered in the minutes shall be the date of its entry in the permanent minutes, unless such minute order as entered expressly directs that a written order be prepared, signed and filed, in which case the date of entry shall be the date of filing the signed order." (Cal. Rules of Court, rule 2(b)(2).)

Since the minute order of November 23, 1976, does not direct that a written order be prepared, signed and filed, and since the order denies class

certification, the minute order was appealable and appellant Guenter had 180 days from the time the minute order was entered in the permanent minutes (Nov. 23, 1976) to file a timely notice of appeal. Appellant Guenter did not file a notice of appeal from the minute order.

The law of this state does not allow, on an appeal from a judgment or appealable order, a review of any decision or order from which an appeal might previously have been taken. (Code Civ. Proc., § 906; *Morrissey* v. *City and County of San Francisco, supra,* 75 Cal.App.3d 903, 906; *Woodman* v. *Ackerman* (1967) 249 Cal.App.2d 644, 648 [57 Cal.Rptr. 687].) Since appellant Guenter did not appeal from the November 23, 1976 order, that order is now final and binding upon appellant Guenter and upon this court. (*Morrissey* v. *City and County of San Francisco, supra,* at p. 908; see also *Reich* v. *Club Universe* (1981) 125 Cal.App.3d 965, 969-970 [178 Cal.Rptr. 473].)

Appellant Guenter asserts that since his motion to certify the action as a class action was denied "without prejudice" on November 23, 1976, the order was not meant to be a final determination of the class action issue, and therefore it was not an appealable order.

"The term 'without prejudice,' in its general adaptation, means that there is no decision of the controversy on its merits, and leaves the whole subject in litigation as much open to another application as if no suit had ever been brought." (*Chambreau* v. *Coughlan* (1968) 263 Cal.App.2d 712, 718 [69 Cal.Rptr. 783]; see also *Williams* v. *City of Oakland* (1973) 30 Cal.App.3d 64, 69 [106 Cal.Rptr. 101].) "It has been asaid that the 'purpose and effect of the words "without prejudice" in a decree dismissing a bill is to prevent the defendants from availing themselves of the defense of *res adjudicata* in any subsequent proceeding by the same plaintiffs on the same subject matter.'" (*Williams* v. *City of Oakland, supra,* at p. 69.)

However, the term "without prejudice" in the minute order of November 23, 1976, does not mean that the denial of the motion to certify the action as a class action was not on the merits. It is clear that the term "without prejudice" in this minute order is not used in the usual manner. The minute order sets out two reasons for denying class certification: "(1) Failure to meet requirements of 23(a) of the Federal rules of procedure [28 U.S.C.]— not sufficient number to qualify"; and "(2) Court determines that class action would not be a superior form of remedy." Accordingly, the denial of class certification on November 23, 1976, was "on its merits."

Appellant states in his brief that at the November 23, 1976 hearing, the trial court "suggested that a better way to approach the situation might be the 'association' of the 27 other beneficiaries" of the deed of trust rather than proceeding as a class action suit. It therefore appears that the term

"without prejudice" in the November 26, 1976, minute order meant that appellant Guenter could try another method to litigate the claims of the 27 other beneficiaries in the *Guenter* action other than in a class action.

To summarize, since the denial of class certification in the November 23, 1976, order was on the merits, said order was an appealable order, and since appellant Guenter did not appeal from said order, that order is final and binding.

■ Next appellant Guenter contends that the trial court should have granted his August 8, 1979, motion seeking relief from the June 26, 1979, order, striking the "Associations of Plaintiffs" and the class action allegations. Appellant Guenter asserts that his August 8, 1979, motion was made pursuant to Code of Civil Procedure section 473. Section 473 provides in part as follows: "The court may, upon such terms as may be just, relieve a party or his or her legal representative from a judgment, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise or excusable neglect." Appellant contends that relief may be granted under section 473 of the Code of Civil Procedure "for a reasonable mistake of law by a party's attorney." In arguing that the court should have granted his motion on the grounds of reasonable mistake, appellant Guenter states: "In the instant case, appellant's counsel did not realize that the associations of the beneficiaries named under the deed of trust was erroneous since it had been proposed by Judge Benson and since the opposition did not object either to the original effort to certify the class or to the filing of the associations of plaintiffs (for a year and a half). This reliance on the apparent propriety of those procedures was reasonable under the circumstances."

Appellant Guenter correctly states that a mistake of law by an attorney may under certain circumstances entitle a party to relief under Code of Civil Procedure section 473. (*Svistunoff* v. *Svistunoff* (1952) 108 Cal.App.2d 638, 642-646 [239 P.2d 650].) However, the mistake of law must be of the type which has caused the attorney to fail "to make the showing he could have made at the hearing on the motion." (*City of Los Angeles* v. *Gleneagle Dev. Co.* (1976) 62 Cal.App.3d 543, 553 [133 Cal.Rptr. 212].) The mistake of law by appellant Guenter's attorney in the instant case was not of the type which prevented appellant Guenter from presenting his case in court. Appellant Guenter had the opportunity of presenting his side in regard to the issue of validity of the documents entitled "Association of Plaintiff" at the original hearing that resulted in the June 26, 1979, order. This is not the type of mistake of law that will entitle a party to relief under section 473 of the Code of Civil Procedure. (See *Vartanian* v. *Croll* (1953) 117 Cal.App.2d 639, 644 [256 P.2d 1022].)

We also note that the fact that counsel for respondents did not object to the filing of the documents entitled "Association of Plaintiff" at an earlier

date does not change our conclusion. Counsel for appellant was fully capable of determining for himself the validity of the documents entitled "Association of Plaintiff" and he is not entitled to blame opposing counsel for his failure to do so. (*Reich* v. *Club Universe, supra,* 125 Cal.App.3d 965, 970.)

■ "It is axiomatic that a motion for relief under section 473 is addressed to the sound discretion of the trial court. The exercise of that discretion will not be disturbed on appeal absent a clear showing of abuse. More importantly, the discretion to be exercised is that of the trial court, not that of the reviewing court. Thus, even if the reviewing court might have ruled otherwise in the first instance, the trial court's order will yet not be reversed unless, as a matter of law, it is not supported by the record." (*Martin* v. *Johnson* (1979) 88 Cal.App.3d 595, 604 [151 Cal.Rptr. 816].)
■ Clearly the trial court did not abuse its discretion in denying appellant Guenter's motion made pursuant to section 473 of the Code of Civil Procedure on the ground of mistake of law.

■ Next appellant Guenter alleges that the trial court erred in denying his motion to amend his complaint nunc pro tunc to add the other beneficiaries of the deed of trust as named plaintiffs.[1]

The California Supreme Court has shown a liberal attitude toward allowing amendments of pleadings to avoid the harsh result imposed by a statute of limitations. (E.g., *Smeltzley* v. *Nicholson Mfg. Co.* (1977) 18 Cal.3d 932 [136 Cal.Rptr. 269, 559 P.2d 624, 85 A.L.R.3d 121]; *Grudt* v. *City of Los Angeles* (1970) 2 Cal.3d 575 [86 Cal.Rptr. 465, 468 P.2d 825]; *Austin* v. *Massachusetts Bonding & Insurance Co.* (1961) 56 Cal.2d 596 [15 Cal.Rptr. 817, 364 P.2d 681].) However, certain requirements must be met in order for an amended pleading to relate back to the time of filing the original complaint. In the case of a change in pleading theory, an amendment is permitted following expiration of the statute of limitations, and the amended complaint will be deemed filed as of the date of the original pleading *provided* recovery is sought in both pleadings on the same general set of facts. (*Austin* v. *Massachusetts Bonding & Insurance Co., supra,* at p. 600.) Plaintiffs have been permitted to amend pleadings and to substitute named defendants for fictitious defendants without incurring the bar of the statute of limitations. (See, e.g., *Smeltzley* v. *Nicholson Mfg. Co., supra,* 18 Cal.3d 932; *Barnes* v. *Wilson* (1974) 40 Cal.App.3d 199 [114 Cal.Rptr. 839].) "However, a party may only avail himself of the use of naming Doe defendants as parties when the true facts and identities are genuinely unknown to the plaintiff." (*Ingram* v. *Superior Court, supra,* 98 Cal.App.3d 483, 492.)

---

[1]Given the circumstances of the instant case, this order is appealable. (*Ingram* v. *Superior Court* (1979) 98 Cal.App.3d 483, 489 [159 Cal.Rptr. 557].)

In certain circumstances a party has been allowed to amend his complaint to add or substitute new plaintiffs after the statute of limitations has run. "Generally, a different plaintiff was substituted in because there was a technical defect in the plaintiff's status (an administrator for a deceased plaintiff; a stockholder in place of a corporation; etc.); a necessary party was joined; or a nominal plaintiff was removed and the real party in interest took his place." (*Bartalo* v. *Superior Court* (1975) 51 Cal.App.3d 526, 534 [124 Cal.Rptr. 370]; *Jensen* v. *Royal Pools* (1975) 48 Cal.App.3d 717 [121 Cal.Rptr. 805]; and cases cited therein.) On the other hand it has been stated that "the doctrine of relation-back does not apply where the cause of action in the complaint is in favor of one plaintiff whereas the cause of action in the amended complaint is in favor of another plaintiff [citation]." (*Phoenix of Hartford Ins. Companies* v. *Colony Kitchens* (1976) 57 Cal.App.3d 140, 146 [128 Cal.Rptr. 893].)

The instant case represents a situation where an amendment to the complaint adding additional plaintiffs should be permitted and the amendment should relate back to the original complaint. In *Jensen* v. *Royal Pools, supra,* 48 Cal.App.3d 717, a condominium owners' association brought an action to recover damages for a defectively constructed swimming pool. Subsequently, in *Friendly Village Community Assn., Inc.* v. *Silva & Hill Constr. Co.* (1973) 31 Cal.App.3d 220 [107 Cal.Rptr. 123], the court held that a similar unincorporated association lacked standing to sue. Thereupon, the plaintiffs in *Jensen* sought leave, although the statute of limitations had run, to file an amended complaint designating proper parties as plaintiffs. Leave was granted and the appellate court affirmed the trial court.

A case even more in point is *Dhuyvetter* v. *City of Fresno* (1980) 110 Cal.App.3d 659 [168 Cal.Rptr. 61].) In *Dhuyvetter,* plaintiffs brought a class action for damages "resulting from overflights of airplanes using the" Fresno Municipal Airport. Sixteen months after the trial court decertified the class action, the plaintiffs sought leave to amend their complaint to add the children residing with them as plaintiffs. The court in *Dhuyvetter,* relying upon *Jensen,* held that the amendment was proper and related "back in time to the filing of the original complaint." (*Id.,* at p. 665.) In so holding the court in *Dhuyvetter* stated: "the parties-plaintiffs to be added by the amendment were alleged in the original complaint, albeit not by name. Nor could it be contended that their injuries and damages (if any) were not of like character and incurred in like manner of their parents who were specifically named. We see no possible prejudice in holding that the amended complaint relates back to the original date of filing." (*Id.,* at p. 666.)

The same reasoning applies to the instant case. The trial court erred in not allowing plaintiff Guenter to amend his complaint to add the other beneficiaries of the deed of trust as named plaintiffs with such amendment relating back to the original complaint, since such beneficiaries were plain-

tiffs in the original complaint as they were members of the class appellant Guenter sought to represent.

Since we have determined that the appellants in the *Blose* action should have been added as named plaintiffs in the *Guenter* action, it is unnecessary to decide if the *Blose* suit was improperly dismissed.

The order of September 14, 1979, denying appellant Guenter leave to amend his complaint to add the 27 other beneficiaries of the deed of trust as named plaintiffs is reversed. The appeal from the judgment in the *Blose* suit is dismissed as moot. (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 465, pp. 4420-4421.)

Feinberg, J., concurred.

**SCOTT, J.**—I respectfully dissent. The majority has cogently summarized the confused procedural developments in these two related lawsuits. I agree both that the order denying class certification in November of 1976 was appealable, and that appellant Guenter was not entitled to relief pursuant to Code of Civil Procedure section 473 on the ground of reasonable mistake of law. I cannot agree, however, that Guenter should be allowed to amend his complaint to add the 27 other beneficiaries of the deed of trust as named plaintiffs even though the statute of limitations has run on their causes of action.

Appellant Guenter commenced this litigation as a class action. (See Code Civ. Proc., § 382.) The California Supreme Court has repeatedly directed that in the absence of controlling state authority, our courts should utilize the procedures of rule 23 of the Federal Rules of Civil Procedure (28 U.S.C.) to ensure fairness in class action suits. (*Richmond* v. *Dart Industries, Inc.* (1981) 29 Cal.3d 462, 469, fn. 7 [174 Cal.Rptr. 515, 629 P.2d 23]; *LaSala* v. *American Sav. & Loan Assn.* (1971) 5 Cal.3d 864, 872 [97 Cal.Rptr. 849, 48 P.2d 1113]; *Vasquez* v. *Superior Court* (1971) 4 Cal.3d 800, 821 [94 Cal.Rptr. 796, 484 P.2d 964, 53 A.L.R.3d 513].) Under federal procedure, the filing of a timely class action commences the action for all members of the class as subsequently determined. (*American Pipe & Construction Co.* v. *Utah* (1974) 414 U.S. 538, 550 [38 L.Ed.2d 713, 724, 94 S.Ct. 756].) If class action status is then denied for failure to demonstrate sufficient numerosity, the relevant statute of limitations is tolled between the commencement of the suit and the denial of certification, for all purported members of the class who make timely motions to intervene in the surviving individual action. (*Id.,* at pp. 552-553.) That tolling rule has been extended to cases involving denials of class certification on other grounds, such as untimeliness in seeking class certification. (*McCarthy* v. *Kleindienst* (D.C. Cir. 1977) 562 F.2d 1269; see Annot. (1980) 46 A.L.R.Fed. 864.) At least one court has refused to extend that rule to putative class members

who filed separate suits, rather than motions to intervene, after the class action was terminated and the statute of limitations had expired. (*Stull* v. *Bayard* (2d Cir. 1977) 561 F.2d 429, 433.)

The result reached by the majority here is obviously inconsistent with the principles outlined above. In their complaints, both Guenter and the other beneficiaries allege the deed of trust was reconveyed without payment of the principal and interest owed to each of them. They make no allegations of breach of fiduciary duty by a trustee. Rather, they allege a conversion, i.e., an act of dominion wrongfully exerted over property inconsistent with their rights therein. (See *Weiss* v. *Marcus* (1975) 51 Cal.App.3d 590, 599 [124 Cal.Rptr. 297].) Actions for conversion are governed by the three-year statute of limitations of Code of Civil Procedure section 338, subdivision 3. (See *Schneider* v. *Union Oil Co.* (1970) 6 Cal.App.3d 987, 993 [86 Cal.Rptr. 315].) Ordinarily that statutory period begins to run from the date of the conversion, even though the injured person is ignorant of his rights. (*Bennett* v. *Hibernia Bank* (1956) 47 Cal.2d 540, 561 [305 P.2d 20].)[1]

Accordingly, the statute of limitations on all the beneficiaries' causes of action commenced to run on March 7, 1974, when the reconveyance occurred. When appellant Guenter's class action complaint was filed on March 22, 1976, approximately a year remained of that statutory period. The filing of his action tolled that period until November 23, 1976, when the court denied the motion for class certification. Even if this court were to disagree with *Stull* v. *Bayard, supra,* 561 F.2d 429, and conclude that the statute was tolled for those who either moved to intervene or filed separate suits within the remaining statutory period, the 27 beneficiaries did neither. Appellant Guenter's motion to amend his complaint was not filed until August 1979; appellants Blose and the other beneficiaries did not file their separate complaint until April 1980. Even the so-called "Association of Plaintiff" document was not filed within the year remaining of the limitations period after certification was denied.

Instead of discussing the applicability of the federal tolling doctrine, the majority relies on *Jensen* v. *Royal Pools* (1975) 48 Cal.App.3d 717 [121

---

[1]If there has been a fraudulent concealment of the existence of facts constituting a cause of action, however, the statute does not commence to run until the aggrieved party discovers or ought to have discovered the existence of the cause of action. To establish a fraudulent concealment, the complaint must show: (1) when the fraud was discovered; (2) the circumstances of its discovery; and (3) that the plaintiff was not at fault for his belated discovery, or had no actual or presumptive knowledge of the facts sufficient to put him on inquiry. "In urging lack of means of obtaining knowledge, it must be shown that in the exercise of reasonable diligence the facts could not have been discovered at an earlier date. [Citation.]" (*Baker* v. *Beech Aircraft Corp.* (1974) 39 Cal.App.3d 315, 321 [114 Cal.Rptr. 171, 91 A.L.R.3d 981.) Neither complaint alleges facts sufficient to establish fraudulent concealment of the conversion. Although appellants now assert to this court that they did not discover the conversion until September 1975, they do not suggest that they could amend their complaints with sufficient specificity to establish fraudulent concealment.

Cal.Rptr. 805] and *Dhuyvetter* v. *City of Fresno* (1980) 110 Cal.App.3d 659 [168 Cal.Rptr. 61] to hold that an amendment adding new plaintiffs and relating back to appellant Guenter's complaint should have been permitted.

I recognize that amendments to complaints have been liberally allowed to avoid the harsh result imposed by a statute of limitations. (E.g., *Grudt* v. *City of Los Angeles* (1970) 2 Cal.3d 575 [86 Cal.Rptr. 465, 468 P.2d 825].) As the majority admits, however, the general rule is that where an additional party plaintiff seeks to enforce an independent right or separate cause of action, the amended pleading does not relate back to preclude the bar of the statute of limitations. (*Phoenix of Hartford Ins. Companies* v. *Colony Kitchens* (1976) 57 Cal.App.3d 140, 146 [128 Cal.Rptr. 893]; *Bartalo* v. *Superior Court* (1975) 51 Cal.App.3d 526, 533 [124 Cal.Rptr. 370].) Those cases which do allow the addition of a new party by an amendment to the complaint usually involve a substitution because of a technical defect in the plaintiff's status. (*Id.*, at p. 534.)

*Jensen* v. *Royal Pools, supra,* 48 Cal.App.3d 717, is merely an example of the latter principle. (*Id.*, at p. 721.) An action was commenced by an unincorporated association of condominium owners; a subsequent case held that such associations had no standing to sue; an amendment relating back was permitted to substitute as plaintiffs two owners as individuals and as representatives of the class. The case does not stand for the proposition that an amendment should be permitted to add numerous new plaintiffs, each with his or her own independent cause of action, after the running of a statute of limitations.

In *Dhuyvetter* v. *City of Fresno, supra,* 110 Cal.App.3d 659, plaintiffs brought a class action against the City of Fresno for damages resulting from airplane overflights. Sixteen months after the class was decertified, plaintiffs sought to amend their complaint to add children residing with them as named plaintiffs. At issue was the children's compliance with the requirements of Government Code section 900 et seq. First, the court construed the parents' original claim against the city as substantial compliance with the claims statute with respect to the children's claims. Relying on *Jensen, supra,* 48 Cal.App.3d 717, the court then concluded that the amended complaint related back to the time of filing of the parents' suit for purposes of compliance with Government Code section 945.6, which requires suit to be filed within six months after a claim is rejected. (*Id.*, at pp. 664-666.)

Unlike the majority, I do not find *Dhuyvetter* to be controlling here. First and most obvious, the case is factually distinguishable. The *Dhuyvetter* court itself stated that the statute of limitations was not a factor (*Dhuyvetter, supra,* 110 Cal.App.3d at p. 666), and the real question in the case was whether there had been substantial compliance with all the requirements of the governmental claims statutes. In addition, however, even if the require-

ments of Government Code section 945.6 are viewed as analogous to a statute of limitations, the *Dhuyvetter* court's reliance on *Jensen* seems unsound. As already discussed, *Jensen* illustrates only that an amendment will be allowed because of a defect in the original party's status; it does not authorize an untimely addition of numerous new plaintiffs with separate causes of action. Finally, and perhaps most significant, I find *Dhuyvetter* to be questionable authority because the court failed even to acknowledge the tolling doctrine of *American Pipe, supra,* 414 U.S. 538, despite our Supreme Court's repeated reminders of the applicability of federal class action rules to state cases.

In effect, the majority has concluded that the mere filing of a class action lawsuit indefinitely suspends or eliminates the relevant statute of limitations for all members of the claimed class if the suit is subsequently found to be inappropriate for class action. The majority's conclusion is both inconsistent with federal class action rules, and contrary to the fundamental policy underlying enactment of statutes of limitations. " 'The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them.' [Citation.]" *(Liberty Mut. Ins. Co. v. Fales* (1973) 8 Cal.3d 712, 718 [106 Cal.Rptr. 21, 505 P.2d 213].)

Appellants Blose and the other beneficiaries had a year after the denial of class certification to pursue their causes of action against defendants. They failed to do so. I find no error in the court's denying appellant Guenter leave to amend his complaint, and would also conclude that the Blose complaint was properly dismissed. I would affirm the judgments.

The petition of respondents Lomas & Nettleton Company and Vasil for a hearing by the Supreme Court were denied May 4, 1983.