[No. D009860. Fourth Dist., Div. One. Aug. 30, 1989.]

WEST AMERICAN INSURANCE COMPANY, Plaintiff and Respondent, v.
DAVID NEILSON CHALK, Defendant and Appellant.

**COUNSEL**

Toledano & Wald and John Toledano for Defendant and Appellant.

Tucker, Golby and Freeman and Joan Benjamin Brown for Plaintiff and Respondent.

OPINION

NARES, J.—Defendant David Neilson Chalk (Chalk) appeals a judgment in favor of plaintiff West American Insurance Company (West American) on West American's complaint seeking subrogation from Chalk for uninsured motorist benefits paid to West American's insureds. Chalk contends the three-year statute of limitations of Insurance Code[1] section 11580.2, subdivision (g), should not apply to allow West American to prosecute the claims of its insureds to which it has become subrogated where the insureds failed to sue Chalk within the one-year statute of limitations applicable to personal injuries. We conclude section 11580.2, subdivision (g), properly allows West American to seek subrogation of uninsured motorist benefits paid to its insureds within three years of paying those benefits. Accordingly, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

On January 26, 1983, Chalk was uninsured when the car he was driving hit another car, injuring Rae Caplan, Allen Wilson and Marilyn Wilson and damaging Rae's car. Rae, Allen and Marilyn were covered insureds under the terms of a West American insurance policy issued to Harold Caplan. That policy contained provisions obligating West American to pay all sums which any person insured should be legally entitled to recover as damages from the owner or operator of an uninsured automobile causing injury to such person.

As a result of the accident, West American paid Rae $9,274.25 for her injuries on July 18, 1983, and also paid $4,583.36 for damage to her car.[3] On January 25, 1984, Allen and Marilyn filed an action against Chalk for personal injuries, although the action was never served on Chalk. Later, Allen settled his uninsured motorist claim with West American for $6,500 and Marilyn settled her claim for $6,000.

On August 1, 1984, West American sued Chalk to recover the amounts paid to its insureds under the policy. Chalk alleged West American had no direct claim of liability against him. After a court trial on stipulated facts, judgment was entered in favor of West American.

---

[1] All statutory references are to the Insurance Code unless otherwise specified.

[2] The facts are taken from the parties' statement of agreed facts presented to the trial court.

[3] On appeal, Chalk does not dispute the property damage portion of the insurance claim which is governed by the three-year statute of limitations of Code of Civil Procedure section 338.

## Discussion

Because the parties submitted the case to the trial court on stipulated facts, the issues presented on appeal involve questions of law. (*Rullman v. State Farm Mut. Auto. Ins. Co.* (1970) 8 Cal.App.3d 606, 609 [87 Cal.Rptr. 551]; *State Farm Mutual Automobile Ins. Co. v. Longden* (1987) 197 Cal.App.3d 226, 229-230 [242 Cal.Rptr. 726].) ▆ Thus, we must independently determine the applicability and meaning of section 11580.2, subdivision (g), by ascertaining the intent of the Legislature so as to effectuate the purpose of the law. Further, we must select that construction which most comports with the reasonable intent of the Legislature and consider the consequences which flow from such interpretation with a view to promoting rather than defeating its general purpose and the policy behind it. (*Freedland v. Greco* (1955) 45 Cal.2d 462, 467 [289 P.2d 463].)

I

Section 11580.2 sets forth the statutory scheme for uninsured motorist coverage. In order to recover from his or her own insurer under an uninsured motorist provision, the insured must, within one year of the accident, either file an action against the uninsured motorist,[4] agree with the insurer as to the amount due under the policy, or formally institute arbitration proceedings. (§ 11580.2, subd. (i).) ▆ Once the insured has complied with subdivision (i) and the insurer has paid uninsured motorist benefits, section 11580.2, subdivision (g), specifically provides that the insurer may bring a subrogation action against the uninsured motorist: "The insurer paying a claim under an uninsured motorist endorsement or coverage shall be entitled to be subrogated to the rights of the insured to whom such claim was paid against any person legally liable for such injury or death to the extent that payment was made. *Such action may be brought within three years from the date that payment was made hereunder.*" (Italics added.) Thus, the insurer has three years from the date of payment to its insured to bring a subrogation action against the uninsured motorist.

According to the stipulated facts here, Rae Caplan settled her uninsured motorist claim with West American under section 11580.2, subdivision (i), within one year of the accident. Allen and Marilyn Wilson preserved their

---

[4] Where the insured files a personal injury action against an uninsured motorist under section 11580.2, subdivision (i), "notice in writing of the suit shall be provided the insurer of the insured plaintiff within a reasonable time after the insured knew or should have known of the uninsured status of the motorist, but in no event shall that notice be required before one year from the date of the accrual of the cause of action on which the claim is based. . . ." (§ 11580.23, subd. (a).)

rights to pursue their uninsured motorist claims under section 11580.2, subdivision (i), by filing suit against Chalk within one year of the accident and later settled their claims with West American. West American was then entitled to subrogation from Chalk for the amounts it paid to Rae, Allen and Marilyn. (§ 11580.2, subd. (g).)

## II

Chalk does not dispute that West American brought its subrogation action against him within three years of paying its insureds. Rather, Chalk contends the three-year statute of limitations of section 11580.2, subdivision (g), should not allow West American to prosecute the claims of its insureds to which it has become subrogated where the one-year statute of limitations applicable to the insureds' personal claims against Chalk has expired. Stated another way, he asserts the Legislature did not intend that an uninsured motorist be liable for the consequences of his or her motor vehicle accident for a period three times longer than an insured motorist would be liable, nor did the Legislature intend that an insurance company be entitled to assert claims as a subrogee after its subrogors can no longer assert those claims for themselves.

In *Interinsurance Exchange* v. *Harmon* (1968) 266 Cal.App.2d 758 [72 Cal.Rptr. 352], the court addressed this very issue. There, as here, an uninsured motorist's negligence resulted in personal injuries to the insured who was then compensated by the insurer under an uninsured motorist endorsement. The court held the insurer's subrogation claim against the uninsured motorist was governed by section 11580.2, subdivision (f) (now subdivision (g)), providing for a limitation period of three years from the date that payment was made by the insurer to its insured, rather than by Code of Civil Procedure section 340, subdivision (3), providing for a limitation period of one year from the date of the negligent act causing injury. (*Interinsurance Exchange* v. *Harmon, supra,* 266 Cal.App.2d at p. 761.) The court reasoned that under well-established rules of statutory construction, the special period of limitation applicable solely to the subrogation claims of an insurer takes precedence over a statute of limitations applicable to personal injury claims. (*Id.* at pp. 761-762.) "The legislative intent in providing a three-year period of limitation for an insured's subrogation claim seems quite obvious. As we have already noted, the right is strictly the creature of statutes so far as concerns recovery of payments for personal injuries. It is exercisable only after and 'to the extent that payment was made' by the insurer. If, as plaintiff argues, the insurer's claims were governed by a one-year statute (e.g., Code Civ. Proc., § 340, subd. 3), the result would be that the right of action in many cases would be barred before it actually accrued.

Undoubtedly, the Legislature foresaw this possibility, and not only enlarged the time period, but made it run from the date of the insurer's payment instead of the date of the tortious act of the uninsured motorist." (*Id.* at pp. 762-763.) Thus, the extended limitation period of section 11580.2, subdivision (g), was intended to protect the subrogation rights of the insurer under that section. (*Liberty Mut. Ins. Co.* v. *Fales* (1973) 8 Cal.3d 712, 716 [106 Cal.Rptr. 21, 505 P.2d 213]; *Phoenix of Hartford Ins. Companies* v. *Colony Kitchens* (1976) 57 Cal.App.3d 140, 144-145 [128 Cal.Rptr. 893].)

## III

Chalk asserts that under general principles of subrogation, the insurer as subrogee can have no greater rights than the insured as subrogor. However, because the subrogation rights provided by section 11580.2, subdivision (g), are statutory and not common law rights (*Phoenix of Hartford Ins. Companies* v. *Colony Kitchens, supra,* 57 Cal.App.3d at p. 145), those principles are inapplicable here.[5]

Moreover, contrary to Chalk's argument, *Commercial Union Assurance Co.* v. *City of San Jose, supra,* 127 Cal.App.3d 730, does not support his position. There, the insurer sought subrogation for amounts paid under the policy for property damage allegedly caused by the city's negligence. (*Id.* at p. 733.) The court made no holding as to section 11580.2, subdivision (g), as that case did not involve uninsured motorist subrogation. Instead, the court held the insurer's right to bring a cause of action against a government entity for equitable indemnity was governed by the same time limitation as the insured's claim. (*Id.* at p. 735.) In so holding, the court specifically distinguished the type of subrogation in that case from statutory subrogation, stating: "The right of an insurer to be subrogated to the rights of its insured is generally distinguished from a claim for contribution or indemnity or *statutory subrogation.*" (*Id.* at p. 734, italics added.)

## IV

Without benefit of argument, Chalk asserts the three-year statute of limitations of section 11580.2, subdivision (g), is unconstitutional. However, in determining the constitutional validity of section 11580.2, subdivision (g),

---

[5]In support of his argument, Chalk cites several cases discussing equitable subrogation. However, because uninsured motorist subrogation is statutory and not derivative (*Commercial Union Assurance Co.* v. *City of San Jose* (1982) 127 Cal.App.3d 730, 736 [179 Cal.Rptr. 814]), Chalk's reliance on those cases is misplaced. Further, Chalk's reliance on cases decided before the effective date of the 1963 addition to section 11580.2 providing for a three-year statute of limitations is likewise misplaced.

we need only find the classification bears some rational relationship to a conceivable state purpose. ■ The party challenging the validity of the statute has the burden of showing the classification is invalid. (*D'Amico* v. *Board of Medical Examiners* (1974) 11 Cal.3d 1, 17 [112 Cal.Rptr. 786, 520 P.2d 10].) Further, " '[A]ll presumptions and intendments favor the validity of a statute and mere doubt does not afford sufficient reason for a judicial declaration of invalidity. Statutes must be upheld unless their unconstitutionality clearly, positively and unmistakably appears. [Citation.]' " (*Durham* v. *City of Los Angeles* (1979) 91 Cal.App.3d 567, 572 [154 Cal.Rptr. 243].)

■ In the context of uninsured motorist protection, the Legislature has determined that insurance companies must offer their insured protection against loss caused by motorists who, in violation of state law, drive without maintaining financial responsibility. (See Veh. Code, §§ 16020, 16021.) Under section 11580.2, subdivision (i), those injured by uninsured motorists have one year to make a claim against their carriers—the same amount of time the injured insured would have to file suit against the driver causing the accident if that driver were insured. Once the insurer has compensated its own insured for damages caused by the uninsured driver, the insurer may subrogate against the uninsured driver.

Statutes of limitations are intended to vary, reflecting "the legislative policy of differing the periods of limitation according to the degree of permanence of the evidence and the relative favor with which the Legislature views the type of claim or class of litigants. [Citation.]" (*Liberty Mut. Ins. Co.* v. *Fales, supra,* 8 Cal.3d at p. 721 (Sullivan, J., dis.).) Section 11580.2, subdivision (g), bears a rational relationship to the state purpose of permitting insurers required to write insurance based on the risk of their insureds being injured by uninsured drivers to seek reimbursement from these drivers. The three-year limitation period of that provision protects the subrogation rights of the insurer from being barred before they actually accrue. (*Interinsurance Exchange* v. *Harmon, supra,* 266 Cal.App.2d at p. 762.) Because the extended limitation period of section 11580.2, subdivision (g), serves a legitimate state purpose, the statute is constitutionally valid.

## DISPOSITION

The judgment is affirmed.

Kremer, P. J., and Huffman, J., concurred.

A petition for a rehearing was denied September 22, 1989.