[No. B033325. Second Dist., Div. Three. Sept. 28, 1988.]

PASADENA HOSPITAL ASSOCIATION, LTD., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
ANDRE BIENIARZ et al., Real Parties in Interest.

COUNSEL

Rushfeldt, Shelley & McCurdy, Catherine Kunkel Watson, Greines, Martin, Stein & Richland, Alan G. Martin and Paul M. De Marco for Petitioner.

No appearance for Respondent.

Chasalow, Fenigstein & Kaufman, Fenigstein & Kaufman, Ron S. Kaufman, Mark E. DiMaria, Carol Hart and Harold J. Tomin for Real Parties in Interest.

## OPINION

**CROSKEY, J.**—Defendant Pasadena Hospital Association, Ltd., doing business as Huntington Memorial Hospital (Hospital), seeks a writ of mandate directing respondent superior court to sustain its demurrer to plaintiff's libel claim and to strike the entire first amended complaint as nugatory. Hospital argues that the superior court erred in permitting the filing of the first amended complaint, naming plaintiff's professional corporation as a new party plaintiff, after the expiration of the applicable limitations period. As we conclude that (1) plaintiff and plaintiff's professional corporation are, for purposes of this action, essentially the same, (2) the same general set of facts is alleged and the "relation back" rule should apply and (3) Hospital will suffer no prejudice whatever, we deny the writ.

### FACTS

In May of 1983, plaintiff Andre Bieniarz, M.D., agreed to direct a perinatal outreach program on behalf of Hospital, which was committed to providing tertiary-level perinatal care for the subregion in which it was located. In March of 1984, Bieniarz assumed sole responsibility for perinatal patient care at the Hospital and he continued to provide such services until October of 1986. Bieniarz's practice was limited to referrals of high risk obstetrical patients from other physicians. On occasion he also contacted and received referrals from other physicians in outlying areas.

In August 1985, before any controversy arose at Hospital, Bieniarz formed a professional corporation, Andrew Bieniarz, M.D., Inc. (corporation). On March 10, 1986, Hospital distributed a memorandum to the obstetrics and gynecology section of Hospital which stated: "In the past five years various attempts to establish a satisfactory perinatology service have been made, all of which have failed. . . . Since January 6, 1986, we have researched, contacted, and interviewed eight qualified perinatologists. We have learned that one individual cannot completely satisfy the ideals of all section members." Bieniarz also believes that this memorandum was distributed to physicians affiliated with other hospitals in the subregion and that the content of this memorandum was orally reported to physicians in the subregion.

In June of 1986, a retraction of the libelous statement was requested and said request was refused. In December of 1986, the loss of referrals compelled Bieniarz to cease practicing in the area. In March of 1987, Bieniarz, as an individual, filed a complaint for libel and intentional or negligent interference with prospective business advantage. Since Bieniarz had been the only perinatologist working at Hospital since April of 1984, he asserts that the memorandum was defamatory, causing him loss of his reputation, as well as a loss of patients.

Approximately eight months after the filing of the original complaint, Bieniarz moved to amend the complaint to state all his claims in his corporate, as well as his individual, capacity. Hospital opposed the motion contending that all claims by the proposed new plaintiff are barred by the statute of limitations. The motion to amend was granted.

Hospital then demurred and moved to strike the first amended complaint on the same ground. In overruling the demurrer and denying the motion to strike, the court stated, "I think that a professional corporation is somewhat of a hybrid entity. Certainly it's a different entity for tax purposes, which is the main reason why professionals incorporate. But I think for all intents and purposes Dr. Bieniarz and this corporation really are one and the same insofar as having standing to prosecute these causes of action and to show damages sustained by the alleged wrongs that were committed."

In March 1988, Hospital filed a petition for writ relief and this court granted an alternative writ of mandate.

## DISCUSSION

Hospital's petition contends that the trial court erred in permitting Bieniarz to file the amended complaint because it now permits enforcement of claims of the corporation that would otherwise be time barred; that professional corporations should be treated as all other corporations and Bieniarz is estopped to deny corporation's separateness; that corporation is an entirely new party, "a separate legal entity with separate legal rights," and the "relation back" doctrine does not apply.

Hospital also argues that now it has to additionally contend with a claim for damages by a corporation whose existence was not previously disclosed by plaintiffs; that corporation is not only a different party than Bieniarz, but "the damages claimed by the corporation were not brought to [Hospital's] attention within the limitations period." Hospital additionally argues that Bieniarz's rights are not necessarily corporation's rights in that "[w]hat libels a natural person like Dr. Bieniarz does not necessarily libel a legal

'person' like the corporation." Further, the resulting harms to each are necessarily distinct.

■ It is clear that "The court may, in furtherance of justice, . . . allow a party to amend any pleading or proceeding by adding . . . the name of any party, . . . ." (Code Civ. Proc., § 473.) "The California Supreme Court has shown a liberal attitude toward allowing amendments of pleadings to avoid the harsh result imposed by a statute of limitations. [Citations.]" (*Guenter* v. *Lomas & Nettleton Co.* (1983) 140 Cal.App.3d 460, 467 [189 Cal.Rptr. 470].)[1] However, certain requirements must be met and when there is an attempt to add a party after the statute of limitations has run, relation back to the original proceedings is dependent upon whether recovery is sought on the same general set of facts as those originally alleged. (*Citizens Assn. for Sensible Development of Bishop Area* v. *County of Inyo* (1985) 172 Cal.App.3d 151, 160 [217 Cal.Rptr. 893].)[2]

"Generally, a different plaintiff [is] substituted in because there [is] a technical defect in the plaintiff's status (an administrator for a deceased plaintiff; a stockholder in place of a corporation; etc.); a necessary party [is] joined; or a nominal plaintiff [is] removed and the real party in interest [takes] his place." (*Bartalo* v. *Superior Court* (1975) 51 Cal.App.3d 526, 534 [124 Cal.Rptr. 370]; accord *Jensen* v. *Royal Pools* (1975) 48 Cal.App.3d 717 [121 Cal.Rptr. 805], and cases cited therein.) "On the other hand it has been stated that 'the doctrine of relation-back does not apply where the cause of action in the complaint is in favor of one plaintiff whereas the cause of action in the amended complaint is in favor of another plaintiff [citation].' [Citation.]" (*Guenter* v. *Lomas & Nettleton Co., supra,* 140 Cal.App.3d at p. 468.)

The policy behind the statute of limitations is to put defendants on notice of the need to defend against a claim in time to prepare a fair defense on the merits. (*Lamont* v. *Wolfe* (1983) 142 Cal.App.3d 375, 380-381 [190 Cal.Rptr. 874].) When recovery is sought on the same basic set of facts as

---

[1] In *Guenter,* plaintiff filed a class action on behalf of himself and 27 other beneficiaries named in a second deed of trust. Plaintiff's class certification was denied. After the statute of limitations had run, he sought leave to amend his complaint to add the other 27 beneficiaries as individually named plaintiffs. The court permitted the amendment, applying the doctrine of relation back, since the amendment merely referred to the facts pleaded in the original complaint. More to the point, the same claim was being asserted, defendant suffered no prejudice and the policy behind the statute of limitations was satisfied.

[2] In *Citizens,* the court permitted a group called the Citizens Association to be added as a party plaintiff by amendment, holding ". . . the mere addition of a party plaintiff did not alter the general set of facts originally alleged; thus, defendants were not prejudiced and no reasonable purpose would have been served by dismissing Citizens Association from [the] case . . . ." (*Id.,* at p. 160.)

the original pleadings, this policy is satisfied. (*Citizens Assn. for Sensible Development of Bishop Area* v. *County of Inyo, supra,* 172 Cal.App.3d at p. 160.)

■ Contrary to Hospital's argument, the resulting harms to Bieniarz and corporation do not appear to be distinct. Bieniarz agreed to direct the perinatal outreach program for the Hospital as a sole practitioner. During the period he was providing the perinatal clinical services at Hospital, he began practicing as a professional corporation. None of his duties or services were altered by his change in status. At the time the alleged libelous memorandum was sent, Bieniarz was still practicing as a professional corporation. Hospital should have been aware of the existence of the corporation at the time Bieniarz filed his original complaint. Bieniarz's status does not appear to have been concealed while he provided services in a corporate capacity for Hospital from August of 1985 to October 1986 when he left Hospital. The claims of both Bieniarz and his professional corporation are identical in that they arise from the same conduct on Hospital's part. At the time the memorandum was sent the medical services performed by both Bieniarz and corporation at Hospital were identical. Basically, corporation was an employer and Bieniarz was its sole employee. Any harm caused by the memorandum to Bieniarz affected the corporation as well. The damages, if any, to corporation are of like character and were incurred in like manner to that of Bieniarz.

Although professional corporations are considered to be separate entities, it is well known that the primary purpose of the laws permitting professionals to incorporate was to allow them to take advantage of various tax benefits available to corporate employers and employees.[3] (See *Fox* v. *Abrams* (1985) 163 Cal.App.3d 610, 616-617 [210 Cal.Rptr. 260].)

Hospital argues that the addition of Bieniarz's corporate status as a plaintiff constituted an addition of an entirely new and different party. However, this is not so in the instant case. Adding Bieniarz's professional corporation is merely remedying a technical defect to reflect Bieniarz's status at the time the alleged libelous memorandum was sent by Hospital. Although we have not been cited to any case involving a professional

---

[3] Other distinctions exist, the most notable being: (1) all shareholders, directors, and employees rendering professional services must be "licensed persons"; (2) income of a professional corporation attributable to a disqualified person does not accrue to the benefits of the shareholders; (3) the corporation enjoys less than a full measure of limited liability; (4) medical competence is personal to the physician and cannot be attributed to the corporation; (5) the naming of the corporation is restricted; (6) shares may be issued or transferred only to a licensed person; and (7) the professional's confidential communication privilege has been carried over to the corporation. (Eliasberg, *The Professional Corporation* (1971) 3 U. West L.A. L.Rev. 63, 74-76.)

corporation, our conclusion is entirely consistent with the principles which have been repeatedly applied in other contexts. (*Guenter* v. *Lomas & Nettleton Co., supra,* 140 Cal.App.3d at pp. 467-468; *Citizens Assn. for Sensible Development of Bishop Area* v. *County of Inyo, supra,* 172 Cal.App.3d at p. 160.)

The cases upon which petitioner relies are distinguishable from the present case in that the cause of action which was sought to be added was entirely different from the original cause of action and would have required the defendants to answer for alleged wrongs for which they had not been put on notice in the original complaint.[4]

By adding Bieniarz's professional corporation, the substantive basis of the cause of action was not changed. No different underlying obligation on the part of Hospital has been created. No new facts are alleged as a basis for recovery, the only change being the addition of plaintiff Bieniarz's professional corporation of which he is the sole shareholder. In this instance, no reasonable purpose would be served by preventing the filing of the first amended complaint naming corporation as a plaintiff. No possible prejudice to Hospital will result. The change effected by the amendment is one of form rather than of substance, and in the interests of justice should be treated as such.[5] The trial court properly allowed the amendment to relate back to the original complaint.

---

[4] For example, in *Bartalo* v. *Superior Court, supra,* 51 Cal.App.3d 526, the original lawsuit was by the wife for personal injuries incurred in an automobile accident. More than a year later, an amended complaint was filed, adding husband as well as his claim for loss of consortium. The court, in granting defendant's petition for writ of mandate and reversing the order overruling the demurrer, concluded that husband's claim to loss of consortium was a wholly different legal obligation and his loss was quite independent from wife's claim. The court held that where the additional party plaintiff seeks to enforce *an independent right,* the amended pleading does not relate back so as to preclude the defense of the statute of limitations.

Similarly, in *Phoenix of Hartford Ins. Companies* v. *Colony Kitchens* (1976) 57 Cal.App.3d 140 [128 Cal.Rptr. 893], the original lawsuit was filed by an individual for personal injuries. Later, his insurer sought leave to amend to bring its own claim for subrogation under the Insurance Code. The court refused to apply the "relation back" doctrine and held that there was no relation back because the nature of the legal claims was inherently different, and the claims were based on a separate set of operative facts.

Finally, in *Dominguez* v. *City of Alhambra* (1981) 118 Cal.App.3d 237, 243 [173 Cal.Rptr. 345], the court rejected an attempted amendment in a wrongful death action originally filed by decedent's heirs and precluded the addition of a cause of action in tort by the decedent's estate for personal injuries suffered prior to his death. The court held that the proposed cause of action was "wholly distinct" from the original, as were the identities of the existing and proposed plaintiffs.

[5] In view of Hospital's excessive reliance on technical form, we must confess to harboring the suspicion that if its petition were successful, its next motion in the trial court would be for dismissal of the action due to the absence of a proper party plaintiff.

## DISPOSITION

The petition for writ of mandate is denied. The alternative writ heretofore issued is discharged.

Klein, P. J., and Arabian, J., concurred.

Petitioner's application for review by the Supreme Court was denied January 4, 1989.