[No. D049298. Fourth Dist., Div. One. Jan. 25, 2007.]

SAN DIEGO GAS & ELECTRIC COMPANY, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
DEBRA HARRIS et al., Real Parties in Interest.

**COUNSEL**

C. Larry Davis for Petitioner.

No appearance for Respondent.

Macaluso & Associates, Todd E. Macaluso, Stacy M. King and Zachary M. Lemley for Real Parties in Interest.

**OPINION**

**McINTYRE, J.**—In this case we issued an order to show cause to address whether the relation-back doctrine applies to save the claims of an omitted heir whose wrongful death cause of action would otherwise have been barred by the statute of limitations. We conclude that the relation-back doctrine does not apply to the wrongful death claim. We also conclude that the trial court did not err in adding an additional plaintiff to a timely filed survivor cause of action and that the propriety of the addition could not be resolved at the pleading stage.

### FACTUAL AND PROCEDURAL BACKGROUND

On January 22, 2004, Captain Adam Miller and three other Marines were killed while participating in a night flight helicopter training exercise over Camp Pendleton, California, when their aircraft struck San Diego Gas & Electric Company (SDG&E) utility lines. Some heirs of the decedents, including Adam's parents (collectively, plaintiffs), timely filed a complaint against SDG&E alleging wrongful death and survivor causes of action. In July 2006, on the date set for trial, plaintiffs sought leave to file an amended complaint adding Nicole Miller, Adam's widow, to the action.

The trial court continued the trial date and granted the motion, concluding that the applicable statutes of limitations did not bar Nicole's claims because

they related back to the original complaint and SDG&E had not been prejudiced by the amendment because it knew of Nicole's existence and received plaintiffs' economic analysis of her loss of support claim before the limitations period expired. SDG&E sought writ review of the trial court's order, requesting that the order be vacated and a new and different order be entered denying the motion. We stayed the trial date and all law and motion proceedings relating to the issue of whether Nicole's claims were barred by the statute of limitations and issued an order to show cause why the relief sought should not be granted.

## DISCUSSION

### I. *General Legal Principles*

■ Although mandamus does not generally lie to control the exercise of judicial discretion, mandate may lie to order its exercise in a particular manner where the facts support only one decision. (*Robbins v. Superior Court* (1985) 38 Cal.3d 199, 205 [211 Cal.Rptr. 398, 695 P.2d 695].) Whether Nicole's claims are barred by the statute of limitations presents a purely legal issue subject to our independent review. (*International Engine Parts, Inc. v. Feddersen & Co.* (1995) 9 Cal.4th 606, 611 [38 Cal.Rptr.2d 150, 888 P.2d 1279].)

Because Nicole's tardy addition to this action greatly increases SDG&E's potential exposure on the wrongful death claim, the parties thoroughly briefed and argued the statute of limitations defense below and the trial court addressed the defense on its merits, we concluded that this was an appropriate matter to be considered on a petition for writ of mandate. (*California Trial Lawyers Assn. v. Superior Court* (1986) 187 Cal.App.3d 575, 579 [231 Cal.Rptr. 725].)

■ A two-year limitations period applies to Nicole's wrongful death and survivor causes of action. (Code Civ. Proc., §§ 335.1, 366.1; all undesignated statutory references are to this code.) The parties agree that Nicole's claims, as currently pled, are untimely and barred by the statute of limitations unless the relation-back doctrine applies. ■ An amended complaint relates back to the original complaint, and thus avoids the statute of limitations as a bar, if it (1) rests on the same general set of facts as the original complaint and (2) refers to the same accident and the same injuries as the original complaint. (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 408–409 [87 Cal.Rptr.2d 453, 981 P.2d 79].) The rela-tion-back doctrine typically applies where an amendment identifies a defend-ant previously named as a Doe defendant (*Smeltzley v. Nicholson Mfg. Co.* (1977) 18 Cal.3d 932, 935 [136 Cal.Rptr. 269, 559 P.2d 624]) or adds a new cause of action asserted by the same plaintiff on the same general set

of facts. (*Grudt v. City of Los Angeles* (1970) 2 Cal.3d 575, 584–585 [86 Cal.Rptr. 465, 468 P.2d 825]; *Rowland v. Superior Court* (1985) 171 Cal.App.3d 1214, 1218 [217 Cal.Rptr. 786].) An amended pleading will also relate back if it makes a mere technical change in the capacity in which the plaintiff sues on the same cause of action (*Cloud v. Northrop Grumman Corp.* (1998) 67 Cal.App.4th 995, 1008 [79 Cal.Rptr.2d 544]; *Pasadena Hospital Assn., Ltd. v. Superior Court* (1988) 204 Cal.App.3d 1031, 1037 [251 Cal.Rptr. 686]) or substitutes a plaintiff with standing in place of a plaintiff who lacks standing. (*Branick v. Downey Savings & Loan Assn.* (2006) 39 Cal.4th 235, 243 [46 Cal.Rptr.3d 66, 138 P.3d 214]; *Klopstock v. Superior Court* (1941) 17 Cal.2d 13, 21 [108 P.2d 906]; *Garrison v. Board of Directors* (1995) 36 Cal.App.4th 1670, 1678 [43 Cal.Rptr.2d 214]; *Mayo v. White* (1986) 178 Cal.App.3d 1083, 1091–1092 [224 Cal.Rptr. 373].)

In contrast, an amended pleading that adds a new plaintiff will not relate back to the filing of the original complaint if the new party seeks to enforce an independent right or to impose greater liability against the defendants. (*Bartalo v. Superior Court* (1975) 51 Cal.App.3d 526, 533–534 [124 Cal.Rptr. 370] (*Bartalo*).) In *Bartalo*, a husband could not join his wife's personal injury action after the statute of limitations had expired on his loss of consortium claim because the new claim sought to enforce an independent right. The court explained that "[t]he elements of loss of society, affection and sexual companionship [were] personal to [the husband] and quite apart from a similar claim of the wife." (*Id.* at p. 533.) Similarly, in *Diliberti v. Stage Call Corp.* (1992) 4 Cal.App.4th 1468 [6 Cal.Rptr.2d 563], two sisters had been in an automobile accident, but only the passenger-sister had been injured. The passenger's attorney filed suit, naming the driver as the injured plaintiff, and after the statute of limitations expired, moved to substitute the passenger in place of the driver. (*Id.* at pp. 1469–1470.) The appellate court concluded that leave to amend had been properly denied because the body of the complaint gave no indication that there was a passenger and did not sound as a claim for the passenger; thus, the change was not a mere misnomer in the description of the party but an entire change of parties. (*Id.* at pp. 1470–1471.)

The questions here are whether the relation-back doctrine saves the claims of an omitted heir whose wrongful death cause of action would otherwise be barred by the statute of limitations and whether the statute of limitations bars the addition of a new plaintiff to a timely filed survivor claim. To address these questions we must examine the nature of these claims.

## II. *Wrongful Death Claim*

■ A cause of action for wrongful death is a statutory claim (§§ 377.60–377.62) that compensates specified heirs of the decedent for

losses suffered as a result of a decedent's death. (*Quiroz v. Seventh Ave. Center* (2006) 140 Cal.App.4th 1256, 1263 [45 Cal.Rptr.3d 222] (*Quiroz*).) Any recovery is in the form of a lump sum verdict determined according to each heir's separate interest in the decedent's life (*Cross v. Pacific Gas & Elec. Co.* (1964) 60 Cal.2d 690, 692 [36 Cal.Rptr. 321, 388 P.2d 353] (*Cross*)), with each heir required to prove his or her own individual loss in order to share in the verdict. (§ 377.61; *Changaris v. Marvel* (1964) 231 Cal.App.2d 308, 312 [41 Cal.Rptr. 774].) Because a wrongful death action compensates an heir for his or her own independent pecuniary losses, it is one for "personal injury to the heir." (*Quiroz*, 140 Cal.App.4th at pp. 1263–1264; see *Fitch v. Select Products Co.* (2005) 36 Cal.4th 812, 819 [31 Cal.Rptr.3d 591, 115 P.3d 1233].) Thus, in a wrongful death action the "injury" is not the general loss of the decedent, but the particular loss of the decedent to each individual claimant.

■ A wrongful death action is considered joint, single and indivisible, meaning that all heirs should join in a single action and there cannot be a series of suits by heirs against the tortfeasor for their individual damages. (*Cross, supra*, 60 Cal.2d at p. 694.) "The action is joint only insofar as it is subject to the requirement that all heirs should join in the action and that the damages awarded should be in a lump sum." (*Helling v. Lew* (1972) 28 Cal.App.3d 434, 438 [104 Cal.Rptr. 789].) As explained by our high court, the wrongful death statute "is a procedural statute establishing compulsory joinder and not a statute creating a joint cause of action." (*Cross, supra*, 60 Cal.2d at p. 692.) Accordingly, each heir has a "personal and separate cause of action" and the expiration of the statute of limitations as to one heir does not impact the timely wrongful death claims of other heirs. (*Id.* at pp. 692–693.) In other words, the statute of limitations runs separately against each heir's cause of action. (*Andersen v. Barton Memorial Hospital, Inc.* (1985) 166 Cal.App.3d 678, 681 [212 Cal.Rptr. 626] (*Andersen*).)

■ Cases since *Cross* have clarified that nonjoined heirs are not indispensable parties to a wrongful death action brought by other heirs because the absence of an heir does not preclude the court from granting complete relief. (*Ruttenberg v. Ruttenberg* (1997) 53 Cal.App.4th 801, 808 [62 Cal.Rptr.2d 78]; *Andersen, supra*, 166 Cal.App.3d at p. 681, fn. 5.) Consequently, the *Andersen* court concluded that the relation-back doctrine did not save the untimely claim of a possible omitted heir seeking to join a timely filed wrongful death action because it asserted a new cause of action. (*Andersen, supra*, 166 Cal.App.3d at p. 685.) Specifically, the original complaint gave the defendants no notice of the pecuniary losses the purported heir may have suffered and, unique to that case, the question of whether the person was in fact an heir also needed to be resolved. (*Id.* at p. 684.)

As noted by the *Andersen* court, there is an older case from our high court concluding that the relation-back doctrine allows the addition of an omitted heir to a wrongful death action after the statute of limitations expired as to the omitted heir because adding an heir does not create a new or different cause of action. (*Rabe v. Western Union Tel. Co.* (1926) 198 Cal. 290, 300–301 [244 P. 1077] (*Rabe*).) *Rabe*, however, also suggested that an omitted heir is an indispensable party to a wrongful death action because a complete determination of the action cannot be had without the presence of all heirs. (*Id.* at pp. 299–300.) Following this reasoning, a number of early cases concluded that the wrongful death claims of a decedent's minor children could not proceed if the statute of limitations barred the claims of another heir. (*Gates v. Wendling Nathan Co.* (1938) 27 Cal.App.2d 307, 315 [81 P.2d 173]; *Haro v. Southern Pacific R. R. Co.* (1936) 17 Cal.App.2d 594, 597 [62 P.2d 441]; *Sears v. Majors* (1930) 104 Cal.App. 60, 62–63 [285 P. 321].) In *Cross*, however, the high court overruled these three cases and clarified that a wrongful death action could go forward absent all possible heirs because each heir has a personal and separate cause of action. (*Cross*, *supra*, 60 Cal.2d at p. 692.) Accordingly, the *Cross* court allowed the wrongful death claims of the decedent's minor children to proceed even though the statute of limitations barred the mother's claim. (*Id.* at p. 694.)

*Cross* reaffirmed the concept stated in *Rabe* that wrongful death actions are joint, single and indivisible. (*Cross*, *supra*, 60 Cal.2d at pp. 693–694.) Nonetheless, to the extent *Rabe* concluded that adding an omitted heir to a wrongful death action does not create a new or different cause of action for relation-back purposes, we believe it was impliedly overruled by the conclusion in *Cross* that the wrongful death statute does not create a joint cause of action, but that each heir has a "personal and separate cause of action." (*Id.* at p. 692; see *Andersen*, *supra*, 166 Cal.App.3d at p. 681, fn. 5 [questioning *Rabe* in light of *Cross*].)

Significantly, the question of whether a wrongful death action is barred turns on statutory interpretation. (*Horwich v. Superior Court* (1999) 21 Cal.4th 272, 284 [87 Cal.Rptr.2d 222, 980 P.2d 927].) The pronouncement by our high court in *Cross* that each wrongful death claimant has a separate cause of action resulting in unique pecuniary loss to each heir drove the conclusion in *Andersen* that the relation-back doctrine will not save the untimely wrongful death claims of omitted heirs. (*Andersen*, *supra*, 166 Cal.App.3d at p. 684.) We agree with *Andersen*.

 Because each wrongful death claimant must show the nature of his or her loss as a result of the decedent's death, the addition of an omitted heir to a wrongful death action after expiration of the limitations period as to the omitted heir necessarily inserts a new cause of action that seeks to enforce an

independent right; as such, the relation-back doctrine will not apply. We reject plaintiffs' suggestion that a perceived lack of prejudice to SDG&E justifies application of the relation-back doctrine because the failure to comply with a statute of limitations cannot be excused on the ground of lack of prejudice. (*State Farm Fire & Casualty Co. v. Superior Court* (1989) 210 Cal.App.3d 604, 612 [258 Cal.Rptr. 413].) ■ Here, plaintiffs sought to add Nicole as an additional heir after the two-year limitations period expired on her wrongful death claim. Under these circumstances, the relation-back doctrine does not apply and the trial court erred in allowing the amendment on this basis.

Although the trial court's reason for allowing the amendment was erroneous, we cannot say the trial court abused its discretion in allowing the amendment because plaintiffs assert they can amend the complaint to allege tolling of the statute of limitations and we take judicial notice of their proposed third amended complaint. Accordingly, we remand this matter to the trial court with instructions to allow plaintiffs leave to file their proposed third amended complaint. In doing so, we express no opinion on the merits of plaintiffs' tolling argument. (*Cloud v. Northrop Grumman Corp, supra,* 67 Cal.App.4th at p. 1011 [leave to amend need not be granted if any possible amendment would inevitably be barred by the statute of limitations].)

### III. *Survivor Claim*

■ A survivor claim is also a statutory cause of action; however, unlike a wrongful death claim, the survival statutes do not *create* a cause of action but merely prevent the abatement of the decedent's cause of action and provide for its enforcement by the decedent's personal representative or successor in interest. (§§ 377.20, 377.30; *Grant v. McAuliffe* (1953) 41 Cal.2d 859, 864 [264 P.2d 944].) Damages for a survivor claim include punitive damages and all the decedent's losses incurred prior to death, but exclude any award for the decedent's pain or suffering. (§ 377.34.)

There is but one survivor cause of action belonging to the decedent that is brought on behalf of the decedent by the decedent's personal representative or successor in interest. (§§ 377.20, 377.30.) The original complaint included a *timely* filed survivor cause of action and Nicole's untimely addition to this cause of action tendered no new claims or issues and does not seek to enforce an independent right. The question is not whether the relation-back doctrine applies, but whether Nicole is the proper plaintiff on this claim. Although SDG&E contends that Nicole is not entitled to be added as a plaintiff to the survivor cause of action because Adam's mother is the personal representative of his estate, this issue cannot be resolved at the pleading stage and we express no opinion on it. Accordingly, we conclude that the trial court did not err in adding Nicole to this claim.

## DISPOSITION

The petition is denied. Upon remand, the trial court is directed to allow plaintiffs leave to file their proposed third amended complaint. The stay orders issued on September 1, 2006, and October 3, 2006, are vacated. Each party to bear its own costs on appeal.

Benke, Acting P. J., and McDonald, J., concurred.

A petition for a rehearing was denied February 21, 2007, and the opinion was modified to read as printed above. The petition of real parties in interest for review by the Supreme Court was denied May 9, 2007, S151520.