Filed 9/13/24  Miller v. AlerisLife CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MICAH MILLER,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ALERISLIFE, INC.,<br><br>    Defendant and Appellant. | G063886<br><br>(Super. Ct. No. CIVSB2200427)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of San Bernardino County, Khymberli S. Y. Apaloo, Judge. Affirmed.

Cowdrey Jenkins, Spencer H. Jenkins and Melanie J. Ely for Defendant and Appellant.

Lanzone Morgan, Ayman R. Mourad, Elizabeth M. Kim and Christopher W. Petersen for Plaintiff and Respondent.

Following the death of his father, Charles Griffin Miller, III (Charles), at a residential care facility, plaintiff Micah Miller (Micah) sued the owners and operators of the facility.[1] The complaint alleged claims of elder abuse, negligence, and willful misconduct on Charles's behalf, as well as a wrongful death claim on Micah's behalf. The three entities named as defendants in the complaint moved to compel arbitration. Their motion was granted as to all claims, including Micah's wrongful death claim. AlerisLife, Inc., formerly known as Five Star Senior Living, Inc. (AlerisLife), which had been added as a Doe defendant, filed its own, separate motion to compel arbitration of the claims asserted against it, also including Micah's wrongful death claim. That motion was heard by a different trial court judge, who granted AlerisLife's motion, but only as to the claims Micah brought derivatively on behalf of Charles. Because Micah had not signed the arbitration agreement, the court denied AlerisLife's motion to compel Micah to arbitrate his wrongful death claim.

The net result of the two rulings is that, even though both motions were based on the same arbitration agreement (to which Micah undisputedly was *not* a signatory), Micah's wrongful death claim against the three initial defendants has been sent to arbitration, and his wrongful death claim against AlerisLife remains in superior court.

AlerisLife appeals from the denial of its motion as to Micah's wrongful death claim. We find no error in the ruling and affirm.

---

[1] Because the parties share the same surname, we refer to them by their first names for ease of reference; we intend no disrespect.

## STATEMENT OF FACTS

In 2021, 80-year-old Charles entered Somerford Place–Redlands (Somerford Place), a residential care facility for the elderly.[2] Charles suffered from Alzheimer's disease and dementia, which can cause difficulty in swallowing, thereby putting Charles at high risk for choking. On his third day at the facility, Charles choked while eating lunch and became unconscious. He was transported to the hospital but, because he had been without oxygen for at least 15 to 20 minutes, his condition declined, and he passed away on July 12, 2021. His death certificate lists anoxic encephalopathy and obstruction of the airway by food as the causes of death.

Micah filed a complaint alleging a claim for wrongful death on his own behalf and, as Charles's successor in interest, alleging claims for elder abuse, negligence, and willful misconduct on Charles's behalf. The complaint named SNH Cal Tenant LLC doing business as Somerford Place; FVE Managers, Inc. (alleged to be the owner of Somerford Place); and Danica J. Turner (alleged to be the manager of Somerford Place) as defendants (collectively, Initial Defendants). It also named Charles's widow, Vicky Sue Robertson Miller (Vicky), and Charles G. Miller IV (another son) as nominal defendants.

Initial Defendants moved to compel arbitration of the entire action based on an arbitration agreement allegedly signed by Vicky both in her individual capacity and on her husband's behalf. They asserted Vicky was Charles's agent under both an advanced health care directive and a general durable power of attorney. They argued the arbitration agreement bound not only Vicky and Charles, but also all of Charles's heirs, including Micah. They

---

[2] The facts in this paragraph are taken from plaintiffs' complaint.

3

therefore asserted that all the claims in the complaint, including Micah's wrongful death claim, were subject to arbitration.

While the Individual Defendants' motion was pending, Micah added AlerisLife as a Doe defendant.[3] A week before the motion was heard, AlerisLife filed a notice of joinder in Initial Defendants' motion to compel arbitration. At the hearing on the motion, Judge Thomas S. Garza denied AlerisLife's request for joinder, granted Initial Defendants' motion as to all claims, and stayed the civil action as to Initial Defendants pending conclusion of the arbitration.

Unable to join in Initial Defendants' motion, AlerisLife filed its own motion to compel arbitration. Like Initial Defendants' motion, AlerisLife's motion sought to compel arbitration of all the claims asserted in the complaint, including Micah's wrongful death claim. The motion was not heard by Judge Garza but by Judge Khymberli S. Y. Apaloo, who granted the motion only in part: Judge Apaloo granted the motion to compel arbitration of the claims for elder abuse, negligence, and willful misconduct but denied it as to Micah's claim for wrongful death. She stayed the wrongful death claim pending completion of arbitration.[4] AlerisLife timely appealed the denial of its motion as to Micah's wrongful death claim.[5]

---

[3] In its opening brief, AlerisLife identifies itself as the parent company of defendant FVE Managers, Inc.

[4] Although the written ruling states "the Elder Abuse cause of action is STAYED pending completion of the arbitration," it is clear Judge Apaloo intended to refer to the wrongful death claim. Indeed, at the hearing on the motion, Judge Apaloo twice stated the tentative ruling was to stay the wrongful death claim.

[5] An order denying a motion to compel arbitration is appealable. (Code Civ. Proc., § 1294, subd. (a).)

4

## DISCUSSION

### I.

### ALERISLIFE'S CONTENTIONS

AlerisLife argues Micah's wrongful death claim against it must be compelled to arbitration because: (1) the Federal Arbitration Act (FAA), which governs the arbitration agreement, mandates arbitration of Micah's wrongful death claim; (2) Micah's wrongful death claim against Initial Defendants is in arbitration and a wrongful death claim must be tried as a single action;[6] and (3) arbitration of Micah's wrongful death claim against it will avoid inconsistent results. We are not persuaded by any of these arguments.

### II.

### ANALYSIS

#### A. *Standard of Review*

The trial court's denial of AlerisLife's motion to compel arbitration of Micah's wrongful death claim presents a pure question of law,

---

[6] In its opening brief, AlerisLife also argued the wrongful death claim should be compelled to arbitration because it is based on an underlying claim of medical malpractice, rather than a claim of elder abuse. Wrongful death claims against health care providers arising out of medical malpractice may be compelled to arbitration under certain circumstances, even when the holder of the claim did not sign an arbitration agreement. (Code Civ. Proc., § 1295, subds. (a), (b) & (c).) But residential care facilities such as Somerford Place are not health care providers for purposes of the statute. (*Hutcheson v. Eskaton FountainWood Lodge* (2017) 17 Cal.App.5th 937, 952–953.) Apparently acknowledging this fact, AlerisLife abandoned the medical malpractice argument in its reply brief, stating, "whether the underlying case is elder abuse or medical malpractice is of no consequence." Accordingly, we do not address that argument in this opinion.

and we review it de novo. (*Caballero v. Premier Care Simi Valley LLC* (2021) 69 Cal.App.5th 512, 517–518.)

## B. The Complaint

The complaint was filed on behalf of (1) Charles, by Micah as his successor in interest, and (2) Micah, individually. It alleges the defendants (Initial Defendants and AlerisLife) are: (1) alter egos of one another, (2) a joint venture, and (3) acting in concert, such that they are "each directly and vicariously liable for the injuries alleged" in the complaint.

The first three causes of action—for elder abuse, negligence, and willful misconduct—seek to recover, on Charles's behalf, for injuries suffered by Charles. The fourth cause of action, for wrongful death, seeks to recover for injuries suffered by Micah because of Charles's death. "In California, a wrongful death claim is an independent claim. 'Unlike some jurisdictions wherein wrongful death actions are derivative, Code of Civil Procedure section 377.60[7] "creates a *new cause of action* in favor of the heirs as beneficiaries, based upon their own independent pecuniary injury suffered by loss of a relative, and distinct from any the deceased might have maintained had he survived."'" (*Avila v. Southern California Specialty Care, Inc.* (2018) 20 Cal.App.5th 835, 844.)

## C. Application of the FAA

The arbitration agreement purported to bind not only Vicky (who signed the agreement) and Charles (on whose behalf Vicky signed) but all of Charles's "children, heirs, guardians, next of kin, successors, agents, assigns, third party beneficiaries, trustees, and representatives." Despite that language, Micah, Charles's son and heir, was not a party to the arbitration

___

[7] All further statutory references are to the Code of Civil Procedure.

6

agreement and did not agree to its terms. Generally speaking, one who has not agreed to a contract cannot be compelled to abide by its terms. "[A] party cannot bind another to a contract simply by so reciting in a piece of paper. It is rudimentary contract law that the party to be bound must first *accept* the obligation." (*Mitsui O.S.K. Lines, Ltd. v. Dynasea Corp.* (1999) 72 Cal.App.4th 208, 212; see *Carter v. City of Los Angeles* (2014) 224 Cal.App.4th 808, 822–823 [a "provision stating the parties agree [a] nonparty cannot deny the agreement" is "of no effect absent some mechanism by which nonparties are made party to the agreement"].)

"'[T]he existence of a valid agreement to arbitrate is determined by reference to state law principles regarding the formation, revocation and enforceability of contracts generally.'" (*Bolter v. Superior Court* (2001) 87 Cal.App.4th 900, 906.) Because arbitration agreements are a matter of contract, they are subject, with certain exceptions not relevant here, to the rule that a nonsignatory cannot be bound. (*DMS Services, LLC v. Superior Court* (2012) 205 Cal.App.4th 1346, 1352 (*DMS Services*) [""'one must be a party to an arbitration agreement to be bound by it or invoke it'"'].)[8]

It is undisputed Micah did not sign the arbitration agreement. Because he was not a party to the arbitration agreement and did not agree to its terms, he cannot be compelled to arbitrate his individual claim for wrongful death.

AlerisLife tries to brush past the nonsignatory problem, contending that because the FAA governs the arbitration agreement and it

---

[8] The exceptions to the general rule are "'based on the existence of a relationship between the nonsignatory and the signatory, such as principal and agent or employer and employee, where a sufficient "identity of interest" exists between them.'" (*DMS Services, supra,* 205 Cal.App.4th at p. 1353.) AlerisLife does not argue any of the exceptions apply here.

7

embodies a liberal policy of enforcing arbitration agreements, the FAA preempts the general contractual principle that nonsignatories to a contract are not bound by it.[9] In support of this argument, AlerisLife cites three United States Supreme Court cases: *Kindred Nursing Centers Ltd. Partnership v. Clark* (2017) 581 U.S. 246 (*Kindred*), *Marmet Health Care Center, Inc. v. Brown* (2012) 565 U.S. 530 (*Marmet*), and *AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. 333 (*Concepcion*). None of these cases stand for the proposition that someone who is not a party to an arbitration agreement can nevertheless be bound by it because the FAA embodies a liberal policy favoring arbitration agreements.

The cases cited by AlerisLife stand for the proposition that the FAA preempts any state law or rule that "'prohibits outright the arbitration of a particular type of claim.'" (*Marmet, supra,* 565 U.S. at p. 533, citing *Concepcion, supra,* 563 U.S. at p. 341; see *Kindred, supra,* 581 U.S. at p. 251.) In *Marmet*, the West Virginia Supreme Court had ruled that predispute agreements mandating arbitration of personal injury or wrongful death claims against nursing homes were unenforceable as a matter of public policy. The United States Supreme Court reversed, holding a "categorical rule prohibiting arbitration of a particular type of claim" was "contrary to the terms and coverage of the FAA" and, therefore, preempted by the FAA. (*Marmet, supra,* 565 U.S. at p. 533.) That holding has no application to the facts here.

*Kindred* struck down a Kentucky Supreme Court ruling that a power of attorney did not allow a legal representative to enter into an arbitration agreement on a principal's behalf unless the power of attorney

---

[9] The agreement expressly provides that it is governed by the FAA, and Micah does not offer any argument to the contrary.

8

specifically allowed the representative to "'waive his principal's fundamental constitutional rights to access the courts [and] to trial by jury.'" (*Kindred, supra,* 581 U.S. at p. 248.) *Kindred* held the state court's ruling "single[d] out arbitration agreements for disfavored treatment" and therefore violated the FAA. (*Ibid.*) Nothing in *Kindred* supports AlerisLife's argument that a nonsignatory to an arbitration agreement is bound by it.

*Concepcion* also provides no support for AlerisLife's argument. It held the FAA preempted California's rule that class action waivers in consumer contracts of adhesion are unconscionable. (*Concepcion, supra,* 563 U.S. at pp. 340–352.)

The FAA provides that written arbitration agreements are subject to general contract principles. (9 U.S.C. § 2 [written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract"].) As the United States Supreme Court explained in *Concepcion*, "We have described [the primary substantive provision of the FAA] as reflecting both a 'liberal federal policy favoring arbitration,' [citation] and the 'fundamental principle that arbitration is a matter of contract,' [citation]. In line with these principles, courts must place arbitration agreements on an equal footing with other contracts, [citation], and enforce them according to their terms." (*Concepcion, supra,* 563 U.S. at p. 339; see *Quach v. California Commerce Club, Inc.* (2024) 16 Cal.5th 562, 572 [the policy favoring arbitration "'is about treating arbitration contracts like all others, not about fostering arbitration'"].)

One of the bedrock tenets of contract law is that, absent limited exceptions AlerisLife does not assert here, one who is not a party to a contract cannot be bound by it. (*DMS Services, supra,* 205 Cal.App.4th at pp.

9

1352–1353.) The FAA policy favoring enforcement of arbitration agreements does not trump that principle. "'"Under 'both federal and state law, the threshold question presented by a petition to compel arbitration is whether there is an agreement to arbitrate.'"' [Citations.] The threshold question requires a response because if such an agreement exists, then the court is statutorily required to order the matter to arbitration. . . . This initial issue also reflects the very plain principle that you cannot compel individuals or entities to arbitrate a dispute when they did not agree to do so. '"There is no policy compelling persons to accept arbitration of controversies that they have not agreed to arbitrate."'" (*Fleming v. Oliphant Financial* (2023) 88 Cal.App.5th 13, 19.) "The [FAA] 'reflects the fundamental principle that arbitration is a matter of contract.' [Citation.]. . . . [¶] Given that arbitration agreements are simply contracts "'[t]he first principle that underscores all of our arbitration decisions" is that "[a]rbitration is strictly a matter of consent."' [Citation.] Arbitration is 'a way to resolve those disputes—but only those disputes—that the parties have agreed to submit to arbitration.'" (*Coinbase, Inc. v. Suski* (2024) ___ U.S. ___, ___ [144 S.Ct. 1186, 1192].)

Because Micah was not a party to the arbitration agreement, he cannot be compelled to arbitrate his wrongful death claim against AlerisLife.[10]

---

[10] Although Judge Garza ordered Micah's wrongful death claim against Initial Defendants to arbitration, even he appeared to express doubt as to whether Micah's wrongful death claim *could* be resolved in arbitration. During the hearing on the motion, he stated: "If it cannot be resolved with respect to the wrongful death aspect, then that's something that can be re-addressed back here in this department and perhaps for trial purposes" and "if they're not resolved as to the wrongful death, . . . then that's something we can readdress if need be."

*D. Single Forum v. Single Action*

"A cause of action for wrongful death is . . . a statutory claim. (§§ 377.60–377.62.) Its purpose is to compensate specified persons—heirs—for the loss of companionship and for other losses suffered as a result of a decedent's death." (*Quiroz v. Seventh Ave. Center* (2006) 140 Cal.App.4th 1256, 1263.) Although section 377.60 does not expressly prevent more than one action by a decedent's heirs, "[a] wrongful death action is considered joint, single and indivisible, meaning that all heirs should join in a single action and there cannot be a series of suits by heirs against the tortfeasor for their individual damages. [Citation.] 'The action is joint only insofar as it is subject to the requirement that all heirs should join in the action and that the damages awarded should be in a lump sum.'" (*San Diego Gas & Electric Co. v. Superior Court* (2007) 146 Cal.App.4th 1545, 1551.) This doctrine is sometimes referred to as the one-action rule.

AlerisLife argues that, because of the one-action rule, Micah's wrongful death claim against it must be sent to arbitration so it can be tried with Micah's wrongful death claim against Initial Defendants as a single action. The argument is based on a presumption that one action becomes two actions when portions of the action are compelled to arbitration. That is not the law.

Although the arbitration agreement is governed by the FAA, it does not expressly state the FAA's procedural provisions apply. Accordingly, the arbitration agreement is subject to the procedural provisions of the California Arbitration Act (CAA), section 1280 et seq. (*Nixon v. AmeriHome Mortgage Company, LLC* (2021) 67 Cal.App.5th 934, 945 [unless an arbitration agreement specifically provides that the FAA's procedural provisions apply, the CAA's procedural provisions apply to matters in

11

California courts].) Under section 1281.4, an action must be stayed by the court when any issue in the action is ordered to arbitration. The portion that is stayed and the portion that is sent to arbitration remain one action despite the different forums. As the California Supreme Court explained in *Adolph v. Uber Technologies, Inc.* (2023) 14 Cal.5th 1104: "Section 1281.4 does not contemplate that the compelled arbitration of an issue in controversy in the action is a separate action. The statute makes clear that the cause remains one action, parts of which may be stayed pending completion of the arbitration." (*Id.* at p. 1125.) Micah's wrongful death claim against AlerisLife and the wrongful death claim against Initial Defendants are still one action.

Even if the arbitration and superior court cases were entirely separate, the one-action rule would not compel arbitration of Micah's wrongful death claim against AlerisLife. The one-action rule was designed to protect defendants from successive suits by unknown heirs. (*Valdez v. Smith* (1985) 166 Cal.App.3d 723, 727–728.) Here, no party claims any threat of unknown heirs waiting to bring successive claims.

In arguing Micah's claim against it must be arbitrated, AlerisLife cites *Herbert v. Superior Court* (1985) 169 Cal.App.3d 718 (*Herbert*). *Herbert* is inapposite, however, because it relied on section 1295, which allows patients to bind nonsignatory heirs to arbitration of wrongful death actions arising out of *medical malpractice*. (*Herbert, supra,* at p. 727; see *Ruiz v. Podolsky* (2010) 50 Cal.4th 838, 846 ["[a]lso critical to the *Herbert* court's determination was the enactment of section 1295, providing for arbitration of 'professional negligence' claims, including wrongful death"].) As explained in footnote 6, above, section 1295 does not apply to residential care facilities such as Somerford Place. (*Hutcheson v. Eskaton FountainWood Lodge, supra,* 17 Cal.App.5th at pp. 952–953.)

12

"While the courts have made statements 'to the effect that a wrongful death action is "a joint one" or "a joint one, a single one, and an indivisible one"' [citation], '[a] general statement of legal principle can seldom contain all the qualifications and exceptions that arise in the factual combinations and permutations of litigation.'" (*King v. Pacific Gas & Electric Co.* (2022) 82 Cal.App.5th 440, 450.) The permutation of this litigation is that two different judges heard two separate motions to compel arbitration brought by different defendants in the same action, and they arrived at different conclusions. Nevertheless, the action remains one action and neither law nor reason compels the arbitration of Micah's wrongful death claim against AlerisLife.

*E. Potential Conflicting Results*

AlerisLife argues Micah's wrongful death claim against it should be compelled to arbitration to preclude the possibility that Micah might seek to try his claim twice and then cherry-pick the better result. This hypothetical scenario seems unlikely, however, because the doctrines of claim and issue preclusion apply to arbitration awards. (*Sanchez v. Carmax Auto Superstores California, LLC* (2014) 224 Cal.App.4th 398, 407.) Assuming (1) the arbitrator concluded he or she had jurisdiction to decide Micah's wrongful death claim against the Initial Defendants and (2) the jurisdictional decision survived a post-arbitration petition or appeal, then the arbitrator's ruling might well have preclusive effect on Micah's claim against AlerisLife, thus avoiding the potential for inconsistent rulings.

III.

RESPONDENT'S REQUESTS FOR RELIEF

In his respondent's brief, Micah asked us to decide, under section 906, "whether a valid arbitration agreement exists as to Plaintiff Micah

13

Miller's claim for Wrongful Death against *all Defendants*." (Italics added.) Section 906 allows an appellate court to review intermediate nonappealable orders in connection with appeals brought pursuant to section 904.1 or 904.2.[11] As AlerisLife noted in its January 22, 2024 reply brief, however, section 906 does not apply to this appeal, which was brought pursuant to section 1294, subdivision (a). Accordingly, we do not have jurisdiction to consider Micah's request as made.

Three and one-half weeks before oral argument, Micah tried to cure that problem by filing a "Notice of Errata" seeking to replace the reference to section 906 in his respondent's brief with a reference to section 1294.2. Section 1294.2 does apply to this appeal and it reads, in pertinent part: "Upon an appeal from any order or judgment under this title, the court may review the decision and any intermediate ruling, proceeding, order or decision which involves the merits . . . ." We understand from this purported "correction," that Micah is now asking us to examine Judge Garza's ruling as to Initial Defendants as part of this appeal from Judge Apaloo's ruling as to AlerisLife—specifically, to determine whether Judge Garza erred in ordering Micah's wrongful death claim against Initial Defendants to arbitration.

We recognize the current state of affairs—with Micah's wrongful death claim against Initial Defendants in arbitration and his wrongful death claim against AlerisLife in superior court (and stayed)—is less than ideal. We

_____

[11] Section 904.1 specifies the 14 orders and interlocutory judgments issued in unlimited civil cases that may be appealed from, including, by way of example, orders granting new trial, orders appointing receivers, and interlocutory judgments directing payment of monetary sanctions in an amount more than $5,000. Section 904.2 specifies the eight orders issued in a limited civil case that may be appealed to the appellate division of the superior court. Denial of a motion to compel arbitration is not among the orders listed in either section.

14

nevertheless decline to review Judge Garza's ruling as part of this appeal for several reasons.

First, Micah's proposed "correction" was not filed until *five months* after AlerisLife filed its reply brief, in which it flagged the section 906 issue. Micah offers no explanation for why he did not promptly seek to make the correction upon receiving the reply brief. By waiting to file the correction until shortly before oral argument, Micah effectively deprived AlerisLife of a meaningful opportunity to respond to the proposed correction and address its implication for the scope of this appeal. (Gov. Code, § 68081.)

Second, Initial Defendants—the parties who were directly affected by Judge Garza's ruling and would be most affected by Micah's eleventh-hour effort to sweep that ruling into this appeal—are not parties to this appeal. Thus, they are not before us and have not had an opportunity to be heard on Micah's proposed correction and his request to broaden the scope of this appeal. (Gov. Code, § 68081.) It would be manifestly unfair for this court to review the propriety of Judge Garza's ruling on Initial Defendants' motion to compel arbitration without hearing from them.

Third, our decision to deny Micah's untimely request does not foreclose Micah from seeking review of the correctness of Judge Garza's initial ruling. Although an order granting a motion to compel arbitration is not an immediately appealable order (*Ashburn v. AIG Financial Advisors, Inc.* (2015) 234 Cal.App.4th 79, 94), it can be the subject of a common-law writ, as to which there is no time limit. (*McDermott Will & Emery LLP v. Superior Court* (2017) 10 Cal.App.5th 1083, 1100 ["unlike appeals, appellate courts have discretion to decide a writ petition filed after the 60-day period"].) And, of course, an order granting a motion to compel arbitration also can be

15

reviewed on appeal from a subsequent judgment on the arbitration award. (*Ashburn, supra,* at p. 94.)

Given the foregoing, we deem Micah's notice of errata to be a motion to amend respondents' brief, and we deny the motion. (Cal. Rules of Court, rules 8.54(b)(1) & 8.200(a)(4).)

Finally, citing the need to avoid inconsistent results, Micah asks us to (1) find the arbitration agreement unconscionable and, therefore, unenforceable as to any defendant and (2) direct the trial court to retain jurisdiction of his wrongful death claim against Initial Defendants pursuant to section 1281.2, subdivision (c), which allows a court to refuse to enforce an arbitration agreement where "[a] party to the arbitration agreement is also a party to a pending court action, . . . arising out of the same transaction or series of related transactions and there is a possibility of conflicting rulings on a common issue of law or fact."

"As a general matter, "'a respondent who has not appealed from the judgment may not urge error on appeal.'" [Citation.] 'To obtain affirmative relief by way of appeal, respondents must themselves file a notice of appeal and become cross-appellants.'" (*Preserve Poway v. City of Poway* (2016) 245 Cal.App.4th 560, 585.) Micah did not file a notice of appeal or a notice of cross-appeal. Therefore, the enforceability of the arbitration agreement and the potential application of section 1281.2 are not properly before us. Accordingly, we do not consider Micah's requests for affirmative relief.

## DISPOSITION

The trial court's order denying AlerisLife's motion to compel arbitration as to Micah's claim for wrongful death is affirmed. Respondents shall recover costs on appeal.


GOODING, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.

17